## COMMONWEALTH *vs.* JEREMIAH JONES.

Worcester. October 3. — 21, 1876. COLT & MORTON, JJ., absent.

On the trial of an indictment under the Gen. Sts. *c.* 160, § 28, charging the defendant with maliciously threatening to accuse a person named of a crime with the intent to extort money from him, evidence of the truth of the accusation is admissible upon the question of intent.

INDICTMENT on the Gen. Sts. *c.* 160, § 28, charging that the defendant, at a time and place named, maliciously threatened

to accuse one Joseph H. Robinson of the crime of an indecent assault upon the wife of the defendant, with the intent then and thereby to extort money from Robinson.

At the trial in the Superior Court, before *Putnam*, J., it appeared in evidence on behalf of the government, that the defendant said to Robinson, substantially as follows : " You made an indecent assault upon my wife, and I will prosecute you unless you pay me seventy-five dollars." On behalf of the defendant the evidence was that he said to Robinson substantially as follows : " You made an indecent assault upon my wife, and I want satisfaction ; " that thereupon Robinson said to him " What can I do for you ? " to which the defendant replied, " I will charge you seventy-five dollars."

The defendant offered his wife as a witness, for the purpose of showing by her the truth of the accusation made by him against Robinson, as tending to prove that the charge was not made by him maliciously. The judge excluded this evidence, and the jury returned a verdict of guilty. The defendant alleged exceptions.

*J. Hopkins & W. B. Orcutt*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J. The evidence offered as to the truth of the accusation against Robinson might have had an important bearing upon the question of the defendant's intent, and should have been admitted. If Robinson had in fact made such an assault upon the defendant's wife, the defendant might lawfully demand reparation. If the wrong which he offered to prove had in fact been committed, the demand which the defendant made for payment may have been without the intent to extort money, necessary to constitute the crime alleged in the indictment.

*Exceptions sustained.*