## COMMONWEALTH *vs.* HENRY W. COOLIDGE.

Franklin. Sept. 16, 1879. — Jan. 27, 1880. AMES & ENDICOTT, JJ., absent.

At the trial of an indictment on the Gen. Sts. *c.* 160, § 28, for maliciously sending a threatening letter to A. with intent to extort money from him, the defendant requested the judge to instruct the jury, that they must find that the defendant must have maliciously intended to obtain what he knew he had no right to receive; and that, if he believed that A. actually owed him the sum demanded, he was not guilty of the offence charged. The judge declined to give these instructions, and instructed the jury that, to maintain the indictment, it was not essential that the defendant was endeavoring to obtain money that was not due him; that, if he endeavored to obtain money that was justly his due in this way, he would be guilty; that a man had no right to use this way to collect his debts; that a threat made by one whose goods had been stolen that he would prosecute the supposed thief for the offence, if there were grounds to suspect him to be guilty, could not be considered as made maliciously, unless there were other proofs of malice; and the jury were further instructed what would constitute a malicious threatening, and as to the weight to be given to the fact whether the defendant was or was not claiming more than he believed to be due, upon the question of malice, in a manner not excepted to. *Held*, that the defendant had no ground of exception.

INDICTMENT on the Gen. Sts. *c.* 160, § 28, charging the defendant with maliciously threatening Ralph H. Chapin to accuse

him of having committed the crime of larceny, by sending him a written communication of the tenor following: "Mr. Chapin, if you want to settle with me for what you have stolen from me, you can do so by paying me $10; if not, I will put you where you will have a chance to look through iron. H. W. Coolidge;" with intent thereby to extort money from said Ralph H. Chapin.

At the trial in the Superior Court, before *Pitman*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, the substance of which appears in the opinion.

*C. C. Conant*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

LORD, J. In the trial of causes, civil or criminal, it is not the right of a party to have an instruction in law given simply because the instruction asked is right as an abstract proposition of law; and it is not the duty of a presiding judge to give any instruction which is not called for by the evidence in the case. It is true that whether the instruction asked is called for by the state of the evidence is itself a question of law, upon which the party has the right of revision by the ultimate tribunal.

Upon the trial in this case, the defendant requested the court to instruct the jury that they must find, in order to convict the defendant: "1. That the defendant, by means of the letter, must have maliciously intended to obtain that which in justice and equity he knew he had no right to receive. 2. That if the defendant believed that Chapin actually owed him the sum of $10 when he wrote the letter, he is not guilty of the offence charged in the indictment."

In order to determine whether the judge properly refused to give these instructions, or improperly gave the instructions which he substituted for them, it is necessary to see what was the charge against the defendant, and what was the state of the evidence when such instructions were asked.

The defendant was charged with a violation of the Gen. Sts. c. 160, § 28, which is in these words: "Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offence, or by such communication maliciously threatens an injury to the person or prop-

erty of another, with intent thereby to extort money or any pecuniary advantage whatever. or with intent to compel the person so threatened to do any act against his will, shall be punished," &c.

The evidence tended to show that the defendant was the owner of a field of buckwheat ready for harvest, and made an arrangement with Chapin to assist him in harvesting it; and that the payment for his services was to be made by a portion of the buckwheat. What that portion was to be was a subject of dispute between the parties. The defendant had taken a portion of the crop when Chapin went and took a portion which the defendant contended was much more than he had the right to take, and that it was taken without his knowledge; and it is proper to be presumed in behalf of the defendant, that, in consequence of such taking, the letter was written. Upon this condition of the indictment and the evidence several questions arise:

First. Was it proper to allege the intent to be to extort money from the said Chapin?

Second. Upon such state of pleading and evidence, ought the requests of the defendant for instructions to have been granted? and

Third. Were the instructions actually given appropriate to the case as it was developed upon the trial?

In reference to the first of these propositions, it will be observed that the statute has various alternatives in reference to the purpose or intent with which the threat is made. The intent may be, either "to extort money," or "any pecuniary advantage whatever," or "to compel the person so threatened to do any act against his will."

It is not necessary in the indictment to allege more than one of these purposes. It may be that the same act may involve more than one of them; but it is necessary to allege only one intent, if that intent is proved, and all the other facts necessary to constitute the crime are established. In this case, the intent alleged is to extort money, and that fact must be proved; and this leads to the inquiry into the meaning of the Legislature in the use of the phrase, "to extort money." It is clear that it did not intend by this language to require that the defendant should

seek to obtain the money by means of the technical crime of extortion. That crime can be committed only by a public officer, and only in reference to fees, by demanding as a fee for official service either something "which is not due," or "more than is due," or "before it is due;" and this offence consists wholly in the act, which may be without malice and without bad intent. See *Commonwealth* v. *Bagley*, 7 Pick. 279. And such is the necessary conclusion from the use of the phrase in its connection in the statute, for the language of the act is "to extort money or any pecuniary advantage whatever," thus making the word "extort" as applicable to a pecuniary advantage as to money. It must, therefore, mean simply to obtain such money or other advantage by means of the wilful and malicious threatening. It is not necessary to the consummation of the offence that the money be absolutely extorted, or that the party threatened should be in any manner defrauded or injured. It is not like the case of obtaining property by false pretences, where the gist of the offence is the actual defrauding of another. In such case, a party may obtain by false pretences what is actually his own, without being guilty of the crime, because he has not defrauded the other party. *Commonwealth* v. *McDuffy*, 126 Mass. 467. This distinction is clearly pointed out and illustrated in *Regina* v. *Tiddeman*, 4 Cox C. C. 387, cited at the bar by the counsel on both sides. Whether the purpose and intent of the defendant was to extort money, — using that phrase, as before indicated, to mean compelling or forcing the party to part with money against his will, — is purely a question of fact, to be submitted to the determination of the jury, under proper instructions.

Assuming, for the purposes of this discussion, that the state of the evidence was such as to make the matter of the instructions pertinent to the issue, and not merely speculative questions upon which the evidence did not call for a ruling, we are satisfied that it was not the duty of the presiding judge to give the instructions asked without qualification, and in the words in which they were asked, but that, so far as he refused them altogether, he properly refused them, and, so far as he modified them, the modification was proper. The first instruction asked, that the defendant must have maliciously intended to obtain that which in justice and equity he knew he had no right to receive, and

the other, which differs only in form from that, that the defendant was not guilty if he believed that Chapin actually owed him, could not properly have been given without qualification; and the language of the presiding judge was entirely accurate when he said that the law did not authorize the collection of just debts by the malicious threatening to accuse the debtor of a crime. It was proper, however, for the presiding judge to define the crime, and to instruct the jury in relation to the elements which constitute it. And this the bill of exceptions shows that the presiding justice did. He instructed the jury that a threat, made by one whose goods had been stolen, that he would prosecute the supposed thief for the offence if there were grounds to suspect him to be guilty, could not be considered as made maliciously, and with intent to extort property, unless there were other proofs of malice and intended extortion. To this instruction no exception was taken, and we are of opinion that it sufficiently covers any rule which might by implication be involved in the defendant's specific requests for instructions.

It appears further that the jury were fully instructed as to what would constitute a malicious threatening, and as to the weight to be given to the fact whether the defendant was or was not claiming more than he believed to be due to him, upon the question of malice.

This case differs materially from *Commonwealth* v. *Jones*, 121 Mass. 57. In that case the presiding judge excluded evidence of the actual facts in the case, which might have had an important bearing upon the question of intent. But it was not held that, under the facts, even as offered to be proved, the offence could not be committed. In this case, all the facts in relation to the defendant's claim against the prosecutor were admitted, and, upon such state of facts, instructions were given so favorable to the defendant that he took no exception thereto; and the question was submitted to the jury whether, under those facts, the threat was a malicious one, with intent to extort money, with the further instruction that, if the only purpose was to obtain the proceeds of goods supposed to have been stolen, such threat could not be considered as made maliciously and with intent to extort property, unless there were other proofs of malice and intended extortion. And the previous instruction,

in general terms, that a person has no right to resort to this means to collect honest debts, is to be understood as modified and qualified by the instructions which were actually given, and which were appropriate to the facts as developed. *State* v. *Bruce*, 24 Maine, 71.

No error in the instructions as given or in the refusal to give those requested having been shown, the exceptions must be

*Overruled.*