COMMONWEALTH *vs.* JOHN BUCKLEY & another.

Plymouth.    October 16, 1888. — November 28, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Accusation of Crime — Intent to extort Money — Evidence — Malice —*
*Impeachment of Witness — Variance.*

At the trial of an indictment on the Pub. Sts. c. 202, § 29, against two persons, for
maliciously threatening, with intent to extort money, to accuse a person of the
crime of burning a building not his own, — the words being, "You are the man
that set the fire, and unless you give us one hundred dollars we will make it hot
for you, we will make a jail-bird of you," — the defendants, neither of whom
owned the building, offered evidence that the burning was in fact committed by
the person threatened and another, both of whom were witnesses for the gov-
ernment, on the questions of intent and malice, and to impeach their evidence.
*Held*, that the evidence was rightly excluded.

The indictment alleged further, that the building in question was "the store of
J. D. W.," and the evidence was that J. D. W. did not own the building, or any
part of it, but occupied it as a tenant for the purposes of a store. *Held*, that
there was no variance.

INDICTMENT on the Pub. Sts. c. 202, § 29, alleging that the
defendants, John Buckley and John Clune, on May 14, 1887, at
Brockton, "knowingly, wilfully, and maliciously did verbally
threaten to accuse one Frank A. White, of Brockton aforesaid,
of having wilfully and maliciously committed the crime of burn-
ing a building not his own, to wit, the store of John D. White,
by words then and there knowingly, wilfully, and maliciously
spoken of and to the said Frank A. White, substantially as fol-
lows: 'You (meaning the said Frank A. White) are the man
that set the fire, and unless you give us one hundred dollars we
will make it hot for you. We will make a jail bird of you.'
With intent thereby then and there to extort money, to wit,
the sum of one hundred dollars, from him, the said Frank A.
White."

At the trial in the Superior Court, before *Dunbar*, J., John
D. White and Frank A. White, who were called as witnesses by
the government, gave testimony tending to prove the allegations
of the indictment. The defendants thereupon offered in defence
evidence tending to prove that the Whites set fire to the build-

ing described in the indictment, on the questions of intent, malice, and to impeach their credit as witnesses.

There was evidence that the building alleged in the indictment to be the building of John D. White was owned by one Hall, and that White owned no part of it, but occupied it as a tenant for the purposes of a store until after the fire, when he removed his goods from the building. The defendants asked the judge to rule, that, " as the indictment alleges that the building which the defendants threatened to accuse Frank A. White of burning was the property of John D. White, it must prove this allegation, and it will not be sufficient to prove that John D. White was in possession thereof at the time it was burned." The judge refused to give the instruction, and instructed the jury that the government was bound only to show that John D. White was in possession of the building as a tenant at the time of the fire.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*J. M. Day*, for the defendants.

*A. J. Waterman*, Attorney General, for the Commonwealth.

W. ALLEN, J. This indictment is upon the Pub. Sts. c. 202, § 29, for maliciously threatening to accuse a person of the crime of burning a building not his own, with intent to extort money. The defendants offered to prove that the charge threatened was true; and the evidence was excluded. It is contended that the evidence was competent on the question of malice. The malice required by the statute is not a feeling of ill-will toward the person threatened, but the wilful doing of the act with the illegal intent. *Commonwealth* v. *Goodwin*, 122 Mass. 19. If the threat was wilfully made, with the intent to extort money, it was a malicious act, and the fact that the charge was true would be immaterial.

It is further contended, that the evidence was competent upon the question of intent, and *Commonwealth* v. *Jones*, 121 Mass. 57, is relied on. That was an indictment for maliciously threatening to accuse one of an indecent assault upon the wife of the defendant, with intent to extort money. There was conflicting evidence whether the defendant threatened to prosecute for an assault on his wife unless money was paid to him, or whether he

demanded money in satisfaction for an assault on his wife. He offered evidence to prove that the assault was committed, and it was held that the evidence was competent upon the question of the defendant's intent. The court say: "If Robinson had in fact made such an assault upon the defendant's wife, the defendant might lawfully demand reparation. If the wrong which he offered to prove had in fact been committed, the demand which the defendant made for payment may have been without the intent to extort money necessary to constitute the crime alleged in the indictment."

In the case at bar, the crime threatened to be charged did not involve any wrong to the defendants, and it is not contended that the defendants made any demand for reparation for a wrong done to them, or that the evidence offered had any tendency to show that the demand was not with intent to extort money. The argument is, that the evidence is competent upon the question whether the defendants intended to threaten to accuse of the crime unless the money was paid, or only demanded the money as a reward for not disclosing facts which were within their knowledge. There is no conflicting evidence as to the language used by the defendants. It was, "You are the man that set the fire, and unless you give us one hundred dollars we will make it hot for you. We will make a jail-bird of you." Evidence that the party threatened had in fact committed the crime was not competent to show that these words did not import and intend a threat to accuse him of having committed it. Evidence that the crime was in fact committed by the person threatened and another person, who were witnesses for the Commonwealth, was not competent to impeach them.

The indictment alleges a threat to accuse of burning "a building not his own, to wit, the store of John D. White." It appeared in evidence that the building which was burned, and to the burning of which the threat related, did not belong to John D. White, but to another person, although John D. White occupied it as a tenant until after the fire. It was objected that there was a variance between the allegation and the proof. Section 2 of the Pub. Sts. c. 203, prescribes the punishment for burning, among other buildings named, the "store" of another.

At the time of the burning, the building was the "store" of the tenant, occupant, and store-keeper, and not of the owner of the reversion, and the crime threatened to be charged related to that time.                                            *Exceptions overruled.*