STATE OF HAWAII *v.* HERBERT PETERS.

No. 4105.

NOVEMBER 23, 1959.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ
AND LEWIS, JJ.

The appellant was indicted for, tried and convicted by a jury of robbery in the second degree.

The facts involved are relatively simple. Defendant and one Wallace Hisamura drove to a parking lot on Kekaulike Street, Honolulu, in the rear of Mollie's Cafe, located on Hotel Street. According to the testimony of Hisamura, because defendant was "feeling high," he carried defendant through Wo Fat alley and entered Mollie's Cafe. After about fifteen minutes, Hisamura left the cafe. Defendant remained and personally ordered, ate, and paid for his meal. He then entered the men's room in which Sebastian Demandante, the cafe's janitor, was working. Demandante testified that he observed defendant when he entered the room and that a little later when he, Demandante, was stooping over in the act of cleaning a toilet bowl, defendant grabbed him from the rear, pinned his arms, and rifled his hip pocket, exclaiming: "I hana ma-ke you!" He further testified that defendant then removed the contents of the wallet taken from his hip pocket.

Police Officer Sam Akana, who had been called to the cafe, heard a scuffling and pounding noise in the men's room. He was endeavoring to enter the room when the door flung open and defendant walked out. Police Officer Wayne Parish, who had also responded to the call, was across the street opposite the cafe. He saw defendant leave it and hurry into Wo Fat alley. He motioned Officer Akana, as the latter emerged from the cafe, indicating the direction which defendant had taken. Officer Akana reached the parking area in time to stop Hisamura from driving off with defendant in the car. Officer Parish, arriving shortly thereafter, found $117 on the front seat under a tan colored coat. Hisamura testified that he saw defendant running down the alley and heard him say pantingly as he opened the front door of the car, "Let's go." He further testified that the coat belonged to defend-

ant; that he knew nothing about the presence of the money in his car; that neither the coat nor money was there before defendant returned; and that he, Hisamura, was deliberately stalling the car because he did not want to get into trouble.

Defendant specifies five errors. The first error specified is that the trial court erred in charging the jury as follows: "I instruct you that under an indictment charging the taking of a specified sum of money, it is sufficient if the proof shows the theft of a greater or smaller sum of money than that alleged."

Although the indictment charged the defendant with taking the sum of $117, the complaining witness testified in one instance that he lost $117, whereas he later stated that he had about $230 on his person. Defendant contends that there was fatal variance between proof and allegation. The contention is without merit. The gist of the crime of robbery is the stealing of a thing from the person of another by force or putting him in fear. R.L.H. 1955, § 306-1. The amount taken is not an essential element of the offense. *Territory* v. *Yim,* 39 Haw. 214; *Rathbun* v. *United States,* 236 F. 2d 514, aff'd. 355 U.S. 107; *People* v. *Taylor,* 391 Ill. 10, 62 N.E. 2d 683.

Defendant next challenges the trial court's following instruction: "I instruct you as a matter of law that time is not an essential ingredient of this offense. It is your duty to convict the defendant if you are satisfied beyond a reasonable doubt that he committed the offense charged, even though the time proved may not be the same as alleged in the indictment, provided, however, that the alleged offense was committed during November, 1957, or December, 1957." Here again, this court finds no error. The indictment charged defendant with the commission of the offense on December 8, 1957. While the police officers fixed that as the precise date, another witness approx-

imated the date as sometime in November or December, 1957. There was no material variance, for the entire evidence related to the particular offense alleged in the indictment. The jury could not have been misled nor defendant prejudiced. A similar instruction was approved by this court in *Territory* v. *Low,* 35 Haw. 571. Other cases in point are *Territory* v. *Crawford,* 18 Haw. 246; *Commonwealth* v. *Stone,* 187 Pa. Super. 236, 144 A. 2d 610, aff'd. 395 Pa. 584, 150 A. 2d 870; *People* v. *Mack,* 169 Cal. App. 2d 825, 338 P. 2d 25.

Defendant urges that the trial court erred in admitting in evidence a sketch drawn and marked by the prosecutor (Prosecution's Exhibit 9), while examining Demandante. The sketch depicted the area in which the offense took place. Normally, such practice is considered irregular, but in the instant case, the trial court allowed it for a limited purpose. The witness on cross-examination had been required to make a sketch although he testified that he could not draw. He was a man without education who could not read or write. His limited capacity was demonstrated during cross-examination. The sketch then made by the witness was admitted as Defense Exhibit A. The sketch by the prosecutor was made on redirect examination. It is significant that throughout the examination of the witness and marking by the prosecutor of the sketch, defendant interposed no objection until the sketch was offered in evidence. Moreover, the trial court admitted both sketches for a limited purpose only and later instructed the jury that they were not to be considered as independent evidence of the exact measurements and placement of objects. In addition to the sketch in question, there were in evidence, without objection, six photographs and other exhibits depicting the area.

It is an accepted practice that when a witness testifies to physical conditions, such as the location of objects, he

may do so diagrammatically by his own hand or by direction to counsel. The diagram or sketch made or used for such purpose becomes part of testimonial evidence. 9 A.L.R. 2d 1047. It may be exhibited before a jury in explanation of the evidence. Although the propriety of formally admitting such illustrative sketch in evidence has been questioned by some courts, in the case at bar, in view of the factual circumstances above related, it is patent that defendant suffered no harm or prejudice. Under the circumstances, there was no error to warrant reversal.

Defendant further contends that the trial court erred in denying his motion for a mistrial on the ground of alleged misconduct on the part of a spectator. Defendant charged in the court below that the daughter of the complaining witness was coaching while her father was still on the witness stand. Witnesses were examined in the absence of the jury, and the trial court found that the daughter of the complaining witness, during a recess, had admonished her father to tell the truth. The daughter also admitted motioning her father once to take his time, but the witness denied seeing such motioning. The trial court properly reprimanded the daughter.

This court agrees with counsel for the defense that misconduct on the part of a spectator constitutes ground for a mistrial if the misconduct is of such character as to prejudice the defendant or influence the verdict. The trial court, however, has a large measure of discretion in determining whether the conduct of a spectator or bystander is of such a nature as to produce prejudice, requiring a declaration of mistrial. 53 Am. Jur., Trial, § 42. Upon careful examination of the proceedings in the instant case, this court finds no such prejudice or influence in either incident to warrant disturbing the trial court's denial of the motion for mistrial. Incidentally, it may be noted that the trial court suggested an instruction on the point from the de-

fense but no such instruction was submitted.

Defendant's last specification of error is that the trial court erred in permitting the jury to take a copy of the instructions to the jury room. Although in the absence of statute there is no uniform practice, the authorities hold that the trial court may, in its discretion, permit the jury to take instructions to their deliberation. One court has held the practice to be not only permissible but commendable. *Valley National Bank* v. *Witten,* 58 Ariz. 491, 121 P. 2d 414.

It is the view of this court that as long as there is no abuse of discretion and the manner in which it is done is not prejudicial, the trial court may permit instructions to be taken by the jury. In the case at bar, the jury was permitted to take a copy of the given instructions holus bolus without separation or markings to indicate who requested them. The copy had been previously examined by counsel on both sides, who expressly admitted having no objections as to the accuracy of the same. The position which this court takes on the subject is fully supported by *Copeland* v. *United States,* 152 F. 2d 769; *Carrado* v. *United States,* 210 F. 2d 712; *State* v. *Stracner,* 190 La. 457, 182 So. 571; *Monroe Lindsey* v. *State,* 316 S.W. 2d 349 (Ark. 1958). The cases cited by defendant have been carefully examined and found to be here inapplicable or distinguishable, in that they involved facts showing that the trial court had either given supplemental instructions or entered the jury room with no notice to and in the absence of counsel.

Although not included in his specification of errors relied upon, defendant, in his brief, raises certain questions and issues pertaining to the evidence on drunkenness, flight, identification and possession of the money stolen. Insufficiency of the evidence of criminal intent and identification was among the grounds of a motion for directed

verdict. An examination of the record reveals that in each instance, the issue raised involved questions of fact, the determination of which lay solely within the province of the jury. With proper instructions, the questions were submitted to the jury and by it resolved against defendant.

The judgment is affirmed.

*David K. Namaka* (also on the brief) for plaintiff in error.

*Frederick J. Titcomb,* Deputy Prosecuting Attorney (*John H. Peters,* City and County Prosecuting Attorney, with him on the brief) for defendant in error.

