STATE of Iowa, Appellee,

v.

Larry CURTIS, Appellant.

No. 54814.

Supreme Court of Iowa.

Dec. 15, 1971.

Review Denied Jan. 22, 1972.

Meredith R. Griffing, Centerville, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., and Marvin Colton, County Atty., for appellee.

BECKER, Justice.

Defendant was tried on county attorney's information for the crime of arson, found guilty and sentenced. He appeals. Affirmed.

Sufficiency of State's evidence to present a jury question as to the guilt or innocence of defendant is not challenged. Nevertheless a brief recitation of factual background is in order.

One Terry Lee Hayes testified that he and defendant broke into the Hawkeye Lumber Yard at Centerville on the night of November 14, 1967. He saw defendant take some blank checks while there. Just before they left they spread lacquer thinner around the place and lit it. A major fire resulted.

The checks were clearly traced to defendant. This and other corroborating evidence created the jury question as to defendant's guilt.

There are three assigned errors:

1. Failure to declare a mistrial in connection with prosecutor's opening statement.

2. Allowing a recalcitrant State witness to testify after he had been interrupted by a spectator (his aunt), talked to out of the presence of the jury and put back on the stand.

3. Holding the trial in Appanoose County in light of the attendant news media pretrial publicity.

I. We consider the third assignment first. Defense counsel from outside the county was hired by defendant. He made no motion for a change of venue or for continuance on grounds of community passion and prejudice or excess pretrial publicity. This point was first raised by motion for a new trial. At the latter time extensive exhibits showing the pretrial publicity were made a part of the record. Counsel stated that since he was from outside the community he was unaware of the extent of the news media coverage and the passion, prejudice and excitement generated in the community. He also complained of publicity during and after trial. The trial court found counsel had been retained at least three weeks before trial, the pretrial publicity was known to defendant and defense counsel in ample time to make motion for a change of venue which was not done. The prospective jurors were questioned extensively (no record of voir dire examination was made) and no prejudice appeared. We agree.

Counsel had full opportunity to question the jurors on voir dire. Even then no motion for change of venue was made nor was there a suggestion that a fair and impartial jury could not be seated. Defendant cannot sit by and fail to avail himself of legal procedures to secure a fair trial and later raise lack of the same procedures as grounds for a new trial. In State v. Coffee, 182 N.W.2d 390, 395 (Iowa 1970), the reasons for prompt objections and development of an adequate record are considered at length and we will not fully review them here. But we are impelled to observe in this case, as to all three errors assigned, failure of defense counsel to make timely objection effectively denied

the court an opportunity to take corrective action.

■ II. Defendant's first assignment of error concerns an assertion made by the prosecutor in his opening statement to the jury. The minutes of evidence filed with the information reflected the State's intention to call a prison official from the State Reformatory at Anamosa, where defendant had been incarcerated. In opening statement the prosecutor referred to this proposed evidence. The only record we have on the matter states:

MR. WILSON: If the Court please, on February 14, 1968, and when Mr. Colton was making his opening statement to the jury he was reciting the list of witnesses who would appear for the State and giving a short summary as to the testimony of each witness; and then he came to the witness, Robert May, and identified him as the keeper of the records at the Iowa Reformatory located at Anamosa, Iowa. He further stated that Mr. May had the signature of this Defendant in this action and at that point the objection was made in that the Defendant at this time moves for a mistrial for the reason this is a highly inflammatory prejudicial statement; that it gives to the jury the information that this Defendant has been committed to the Reformatory at Anamosa and such evidence is highly improper, irrelevant, and immaterial; it deprives the Defendant of a fair and impartial trial and it is done solely for the purposes to excite the passions and prejudices of the jury; that the Defendant cannot obtain a fair and impartial trial in view of this highly improper and inflammatory statement, and for these reasons the Defendant at this time moves for a mistrial.

"THE COURT: The Court doesn't believe there has been sufficient prejudice and inflammatory statements made to justify a mistrial. The county attorney is advised by the Court that he should refer the opening statement not to the previous incarceration of the defendant, if any. The record may show the motion for mistrial is overruled."

No record was made of the opening statement. No bill of exceptions was filed in an effort to show just what was said, what objection, if any, was made at the time the opening statement was being made, or how the court then ruled. The prosecutor in arguing the matter on motion for new trial denied the allusion to the reformatory official was made in the manner and form recited by defense counsel. Neither side supplied any affidavits on the matter. Counsel waited until the next day and then made a motion for mistrial. We note there was no proffer of the proposed testimony and the information objected to did not arise again. We also note there was no motion to have the judge instruct the jury to disregard the statements made by counsel. We find nothing in the record to indicate an abuse of the court's discretion in overruling the motion. State v. Coffee, supra.

■ III. The third incident relied upon as assigned error concerned the testimony of Terry Lee Hayes the alleged accomplice. Hayes was returned from the penitentiary at Fort Madison to testify. He first said he was not with defendant on the night of the fire. The prosecutor asked him if he were telling the truth. He refused to answer. At this point a lady spectator who identified herself as the witness' aunt interrupted the proceedings and asked the judge if she could talk to the witness in the hall. The court allowed the witness, the spectator and the prosecutor to retire from the courtroom for a few moments while the court and jury waited. The witness returned to the stand and gave his version of how he and defendant broke into and set fire to the Hawkeye Lumber Company.

There are few cases in Iowa dealing with such incidents, cf. State v. Wheelock, 218 Iowa 178, 254 N.W. 313 (1934); State v. Dangelo, 182 Iowa 1253, 166 N.W. 587

(1918). However, both in language and result, these cases agree with State v. Peters, 44 Haw. 1, 352 P.2d 329, 332, 81 A.L.R.2d 1137, 1141 (Hawaii 1959).

"This court agrees with counsel for the defense that misconduct on the part of a spectator constitutes ground for a mistrial if the misconduct is of such character as to prejudice the defendant or influence the verdict. The trial court, however, has a large measure of discretion in determining whether the conduct of a spectator or bystander is of such a nature as to produce prejudice, requiring a declaration of mistrial. 53 Am. Jur., Trial, § 42. * * *."

In State v. Wheelock, supra, 218 Iowa at page 182, 254 N.W. at page 316, we observed:

" * * * The matter of granting a new trial for alleged misconduct of counsel and the many incidents that happen in the trial of a case is peculiarly within the discretion of the trial court. * * *."

No concurrent objections were made to this procedure but the matter was raised on motion for new trial. The trial court noted lack of concurrent objection and also affirmatively held the incident was not prejudicial to defendant. Again we find no abuse of discretion. The incident was not such as to require a mistrial ruling. The jury was capable of assessing the situation. Stated otherwise the claimed error was not so serious as to unfairly and illegally prejudice the jury to defendant's detriment.

What has been said regarding the need for prompt objections and a reasonable record does not, of course, obviate the rule noted in State v. Rankin, 181 N.W.2d 169, 171 (Iowa 1970).

We have looked to the whole record and find no reversible error.

Affirmed.

All Justices concur.