STATE OF HAWAII, Plaintiff-Appellee, *v.* DOUGLAS K. HONG, Defendant-Appellant

NO. 6296

MAY 21, 1980

RICHARDSON, C.J., OGATA, MENOR, JJ.,
RETIRED JUSTICE KOBAYASHI AND CIRCUIT JUDGE LUM,
ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* This is an appeal by the defendant who was convicted of the offense of theft in the third degree. He was charged specifically with obtaining or exercising unauthorized control over property of another, to wit, automobile license plates, with intent to deprive the owner of the property, HRS § 708-830(1).

At trial, the owner testified that on April 12, 1976, he noticed that his license plates, numbered 2B-6011, were missing from his car, although he had not given anyone permission to take or use them. The arresting officer testified that on May 13, 1976, he observed the defendant driving a Chevrolet automobile with license plates numbered 2B-6011. He followed the vehicle and ran a license check with police headquarters. He was informed that the vehicle had been reported stolen. After the officer stopped the car, but before approaching the defendant and his two passengers, the officer ran another license check and was advised by police dispatch that the plates, rather than the vehicle, had been reported stolen. By that time police reinforcements had arrived, and the five police officers then present surrounded the car. It is not clear from the record at what point the defendant was placed under arrest. Nevertheless, after ordering the defendant and his two companions out of the car, the arresting officer gave the defendant what were purported to be *Miranda*[1] warnings:

Q. (By Prosecuting Attorney) Exactly what did you tell the defendant in regards to this *Miranda* warning?

A. That he didn't have to answer my questions, that he had the right to an attorney and that he could remain silent.

Q. Anything else?

A. That's all.

At trial, the arresting officer testified that the defendant stated, after *Miranda* warnings, that a friend had initially given him the car without license plates; according to the officer, the defendant further stated that his friend had given him the plates involved herein at a later date upon defendant's request. After the State rested, the defendant testified on his own behalf. The defendant stated that he had obtained the subject license plates from the person who had given him the car, after the plates originally on the car were removed by

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

police officers. The defendant insisted, however, that he had no knowledge of the fact that the plates had been stolen.

On the facts of this case, there is no question that the defendant was entitled to *Miranda* warnings. Given the fact that the arresting officer knew that the license plates on defendant's car were stolen and the fact that the defendant was at the time of interrogation surrounded by police, the defendant was in police custody for *Miranda* purposes. *See State v. Reese*, 61 Haw. 499, 605 P.2d 935 (1980); *State v. Amorin*, 61 Haw. 356, 604 P.2d 45 (1979). The arresting officer appears to have recognized the applicability of *Miranda*; the officer accordingly advised the defendant of his rights. The officer did not, however, go far enough. To conform to constitutional standards, the warnings must be such as to convey to the defendant clearly and understandably the full panoply of his rights. *Miranda* requires that where an individual is being subjected to custodial interrogation, he may not be asked any questions without first being advised of his right to remain silent, that anything he says can and will be used against him, that he has a right to have his attorney present, and that if he cannot afford counsel, one will be appointed for him prior to any interrogation. *Miranda v. Arizona, supra; State v. Kalai*, 56 Haw. 366, 537, P.2d 8 (1975). The defendant was not so advised.

The State argues, nonetheless, that even assuming the warnings did not conform to constitutional standards, the admission of the defendant's statements was harmless error. *See State v. Napeahi*, 57 Haw. 365, 556 P.2d 569 (1976); *State v. Pokini*, 57 Haw. 26, 548 P.2d 1402 (1976); *Kaneshiro v. United States*, 445 F.2d 1266 (9th Cir. 1971), *cert. denied* 404 U.S. 992. We agree.

The statements taken in violation of defendant's *Miranda* rights were, if anyting, exculpatory. We fail to see how the defendant's statement to the effect that he had obtained the license plates from the person who had given him the car might have contributed to his conviction. Indeed, the defendant has elsewhere claimed that his explanation to the arresting officer "gave rise to a reasonable doubt as to his involvement in the theft of the automobile license plates." Ac-

cordingly, we are satisfied that the trial court's erroneous admission of the defendant's statements into evidence was harmless beyond a reasonable doubt.

The defendant claims, however, that in the absence of the defendant's extrajudicial statements, the evidence at the end of the prosecution's case could not withstand his motion for judgment of acquittal. Defendant contends that the fact that he was in possession of the license plates was insufficient, by itself, to support a prima facie case of theft. We disagree.

HRS § 708-830(1) provides that a person commits theft if "[h]e obtains, or exerts control over, the property of another with intent to deprive him of the property." The defendant was apprehended while driving a vehicle with stolen license plates. It is clear to this court that the defendant was, by his operation of the automobile, exerting sufficient control over the attached license plates to fall within the scope of HRS § 708-830(1). Further, the defendant's intent to deprive another of his property may reasonably be inferred from defendant's acts, conduct, and inferences fairly drawn from all the circumstances, since the element of intent can rarely be shown by direct evidence. *State v. Yabusaki,* 58 Haw. 404, 570 P.2d 844 (1977). In view of the fact that the defendant was in exclusive possession of recently stolen property, we accordingly find that the court below had sufficient ground upon which to deny the defendant's motion to acquit. *See Commonwealth v. Williams,* 468 Pa. 357, 362 A.2d 244 (1976); *Mason v. State,* 9 Md. App. 61, 262 A.2d 576 (1970); *cf. Barnes v. United States,* 412 U.S. 837 (1973).

Where the corpus delicti has been established, evidence of recent and exclusive possession of the stolen property by the defendant, if unexplained, will sustain a finding of guilt. *Commonwealth v. Williams, supra; Boswell v. State,* 5 Md. App. 571, 249 A.2d 490 (1968); *Anglin v. State,* 1 Md. App. 85, 227 A.2d 364 (1967); *People v. Martinez,* 543 P.2d 1290 (Colo. App. 1975). Whether possession of goods is unexplained is a question of fact. *Commonwealth v. Williams, supra* at 367, 362 A.2d at 248. Thus, even if the accused fails to offer evidence, the trier of fact may consider the circumstances of possession as presented by the State to suggest its own expla-

nation. *Id.* The trier of fact may consider possession unexplained, on the other hand, if it determines that the defendant's proferred explanation is unsatisfactory. *Id.; Barnes v. United States, supra* at 845, n.9. Here the owner of the license plates testified to the fact that they were stolen, and the trial court determined that the defendant's explanation of possession was unsatisfactory. *Cf. Territory v. Robello,* 20 Haw. 7 (1910).

Affirmed.

*Ronald M. Yonemoto* and *Michael K. Tateishi,* Deputy Public Defenders on the briefs for defendant-appellant.

*Lydia Garcia,* Deputy Prosecuting Attorney on the brief for plaintiff-appellee.