STATE OF HAWAII, Plaintiff-Appellee, *v.* MANUEL ANTHONY NASES, Defendant-Appellant

NO. 8402

(REPORT NO. 58717)

AUGUST 24, 1982

RICHARDSON, C.J., LUM, NAKAMURA, PADGETT AND HAYASHI, JJ.

*Per Curiam.* Appellant was convicted of theft in the third degree. He appeals, alleging that there was a fatal variance between the charge and the proof and that he was improperly sentenced to a consecutive term of imprisonment. We affirm.

While appellant was imprisoned at Kulani Honor Camp on the Island of Hawaii, he was in Hilo on work pass. He went into Kalakaua Kleaners in Hilo and took a calculator which was on the counter. Kalakaua Kleaners was a corporation, the stock of which was owned by Setsuko Yokoyama, who was also the manager of the store. Appellant was convicted of third degree theft and was sentenced to serve a term of 30 days consecutively to the sentence he was then serving.

Appellant's claim of variance is based upon the fact that, in the charge, the calculator was alleged to be the property of Setsuko Yokoyama and Setsuko Yokoyama doing business as Kalakaua

Kleaners, whereas it was actually the property of Kalakaua Kleaners, a corporation. Our statutes define theft as follows:

A person commits theft if he does any of the following:

(1) Obtains or exerts unauthorized control over property. He obtains, or exerts control over, the property of another with intent to deprive him of the property.

Section 708-830, HRS. It has long been settled that where the offense is obtaining control over the property of another, proof that the property was the property of another is all that is necessary and the naming of the person owning the property in the indictment is surplusage. *State v. Riddle*, 245 Mo. 451, 150 S.W. 1044 (1912); *State v. Simpson*, 32 Nev. 138, 104 P. 244 (1909); and *Commonwealth v. Buckley*, 148 Mass. 27, 18 N.E. 577 (1888). *Compare State v. Peters*, 44 Haw. 1, 352 P.2d 329 (1959). It is undisputed that the calculator did not belong to appellant but was the property of another. The particular ownership of the property in question was not an essential element in proving the crime and there is no fatal variance between the charge and the proof.

As to appellant's second point, § 706-668(2) provides:

If a person who is imprisoned in a correctional institution is convicted of a crime committed while he is imprisoned or during an escape from imprisonment, the maximum term of imprisonment authorized for the crime committed during imprisonment or during an escape from imprisonment may be added to the portion of the term which remained unserved at the time of the commission of the crime. . . .

Appellant contends he would not be sentenced to serve 30 days consecutive to his then current term in this case because he was on work release when he committed the crime. Whether he was on work release or not, he was still imprisoned when he committed the crime and the contention is without merit.

Affirmed.

*Thomas Wong*, Deputy Public Defender, on the brief for appellant.

*Joseph K. Kamelamela*, Deputy Prosecuting Attorney, on the brief for appellee.