STATE of Maine

v.

**Dennis WEST.**

Supreme Judicial Court of Maine.

Argued May 9, 1984.

Decided May 24, 1984.

Paul Aranson, Dist. Atty., Laurence Gardner, Asst. Dist. Atty. (orally), Portland, for plaintiff.

Kurlanski, Mazziotti & Russell, Zbigniew J. Kurlanski (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

## MEMORANDUM OF DECISION.

Dennis West appeals from a judgment of the Superior Court, Cumberland County, entered upon a jury verdict finding him guilty of two counts of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (1983). West contends the court erred by denying his pretrial motion for a bill of particulars and by failing to take certain steps to protect him from prejudice at trial as a result of the actions of spectators and the conduct of the prosecutrix on the stand. We affirm the judgment.

All information the defendant sought through the bill of particulars had been provided to him in the course of discovery. Therefore, a bill of particulars was not necessary to enable the defendant to prepare an adequate defense, or to avoid prejudicial surprise at trial. See State v. Cote, 444 A.2d 34, 36 (Me.1982); State v. Larrabee, 377 A.2d 463, 465 (Me.1977). There was no abuse of discretion in the denial of the motion. See State v. Cote, 444 A.2d at 36 (motion for bill of particulars addressed to sound discretion of trial court).

Further, we find no "obvious error" in the court's failure to order a mistrial because of spectator misbehavior, or in its failure to give a cautionary instruction to the jury after the prosecutrix began to cry while she was testifying.[1] We cannot find from this record that the ability of the jury to render an impartial verdict might have been affected by the conduct of the spectators. See State v. Reed, 232 A.2d 81, 82 (Me.1967); see also State v. Peters, 44 Hawaii 1, 352 P.2d 329 (1959). Additionally, we deem the actions taken by the court sufficient to offset any potential prejudicial effect of the prosecutrix's tears.

The entry is:

Judgment affirmed.

All concurring.

---

1. The defendant preserved neither of these assignments of error for appellate review. We therefore examine the record only for "obvious error." M.R.Crim.P. 52(b) (1984).