**STATE OF HAWAII**, Plaintiff–Appellee, v. **KYLE M. HALMOS**, Defendant–Appellant

NO. 12417

(D.C. NO. 87–11640)

JUNE 17, 1988

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

*Per Curiam.* Defendant Kyle Halmos appeals from his conviction for Promoting an Imitation Controlled Substance under Hawaii Revised Statutes (HRS) § 329C–2(a),[1] on the ground that there was insufficient evidence to support the conviction. Finding substantial evidence to support the conviction, we affirm.

I.

During an undercover police stakeout fronting the Hilton Hawaiian Village in Waikiki, Officer Angut observed Defendant approach and solicit passers by. He saw Defendant approach, speak to, and accompany a man into a nearby parking lot. At the jury waived trial, Officer Angut testified that:

[A]t this time I observed — after having a conversation with the Caucasian male, I observed Halmos retrieve from his waistband area a clear, plastic bag containing greenish, brown, vegetable–like matter resembling marijuana.

Officer Angut then observed the man place the plastic bag into his pants pocket and give Defendant money which Defendant put into his pocket. Officer Angut arrested Defendant and retrieved $35.00 from his pocket.[2] Officer Angut then observed a fellow officer retrieve the clear plastic bag from the man's pocket. The State introduced the money into evidence but without explanation failed to introduce the bag containing the imitation controlled substance. At the conclusion of the State's case. Defendant moved for Judgment of Acquittal on the ground of insufficient evidence. The motion was denied. The defense chose to rest without introducing any evidence.

---

[1] HRS § 329C–2(a) reads as follows:

No person shall manufacture, distribute, or possess with intent to distribute, an imitation controlled substance. Any person who violates this subsection shall be guilty of a misdemeanor.

[2] Defendant was originally charged with Promoting a Detrimental Drug in the Second Degree under HRS § 712–1248 but this charge was changed to Promoting an Imitation Controlled Substance after a negative Duquenois test revealed that the green vegetable matter was not marijuana.

## II.

Defendant's sole contention on appeal is that his conviction was not based upon substantial evidence because the State failed to produce the clear plastic bag containing the imitation controlled substance and failed to introduce testimony by the person who conducted the Duquenois test.

In a bench trial, a lower court's determination will be affirmed if "viewing the evidence in the light most favorable to the State, there is substantial evidence to support the conclusion of the trier of fact." *State v. Hopkins*, 60 Haw. 540, 542, 592 P.2d 810, 811 (1979) (citations omitted); *State v. Sujohn*, 5 Haw. App. 459, 461, 697 P.2d 1143, 1145 (1985). Even if it could be said that the conviction is against the weight of the evidence, as long as there is substantial evidence tending to support the requisite findings for conviction, the trial court will be affirmed. *State v. Tamura*, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981).

As trier of fact, the judge is free to make all reasonable and rational inferences under the facts in evidence, *see State v. Lester*, 64 Haw. 659, 671, 649 P.2d 346, 355 (1982), including circumstantial evidence, *State v. O'Daniel*, 62 Haw. 518, 528–29, 616 P.2d 1383, 1391 (1980).

## III.

In a prosecution under HRS Chapter 329C the trier of fact must determine whether a reasonable person would believe the substance was a controlled substance.[3]

Officer Angut was experienced in both marijuana and imitation controlled substance investigations. The State produced Officer Angut's uncontradicted testimony that he believed the substance in the plastic bag was marijuana and that Duquenois test results on the substance were negative. Although the State's case would have been stronger with the presentation of the plastic bag and its contents as well as testimony by the person

---

[3] HRS § 329C–1 defines an imitation controlled substance as:

[A] substance that is not a controlled substance, which by dosage unit, appearance (including color, shape, size, and markings), or by representations made, would lead a reasonable person to believe that the substance is a controlled substance.

administering the Duquenois test, despite the lack of this presentation, we cannot say that the trial judge did not have substantial evidence to convict Defendant.[4]

Defendant's conviction is affirmed.

*Susan Barr*, Deputy Public Defender, for Defendant–Appellant.

*Peter Van Name Esser* (*Vickie L. Silberstein* on the brief), Deputy Prosecuting Attorneys, for Plaintiff–Appellee.

---

[4] It should be noted that in a drug promotion prosecution, once the evidence is tested, production of the drug at trial is not necessarily required. *State v. Nakamura*, 65 Haw. 74, 82 n.6, 648 P.2d 183, 188 n.6 (1982); *State v. Vance*, 61 Haw. 291, 304, 602 P.2d 933, 942 (1979).