STATE OF HAWAI`I, Plaintiff-Appellee,
v.
MYRNA REVILLA, Defendant-Appellant.
No. 28174
Intermediate Court of Appeals of Hawaii.
August 22, 2008.
On the briefs:
Clarissa Y. Malinao, Deputy Public Defender, for Defendant-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J. NAKAMURA and FUJISE, JJ.
Defendant-Appellant Myrna Revilla appeals from the judgment entered on August 21, 2006 by the District Court of the First Circuit[1] convicting her of harassment, in violation of Hawaii Revised Statutes § 711-1106(1)(a) (Supp. 2005).
The charge stemmed from a December 26, 2005 incident in which Revilla allegedly shoved Honolulu police officer Corinne Rivera after Rivera responded to a call concerning an argument at Revilla's home.
Revilla raises the following point of error on appeal: "The lower court erred in convicting Mrs. Revilla of HRS § 711-1106(1)(a), Harassment, where there was insufficient evidence to prove that she (1) subjected Officer Rivera to offensive physical contact; or (2) intended to harass, annoy, or alarm Officer Rivera."
Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Revilla's point of error as follows:
We view the evidence in the light most favorable to the State, without passing upon issues dependent upon the credibility of witnesses and the weight of the evidence, to determine whether substantial evidence exists to support the conviction. State v. Ildefonso, 72 Haw. 573, 576, 827 P.2d 648, 651 (1992); State v. Matias, 74 Haw. 197, 207, 840 P.2d 374, 379 (1992); Tachibana v. State, 79 Hawai`i 226, 239, 900 P.2d 1293, 1306 (1995). Furthermore, "the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." State v. Stocker, 90 Hawaii 85, 92, 976 P.2d 399, 406 (1999) (quoting State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982) (citations omitted). Applying those principles here, we conclude that there was substantial evidence to support the conviction.
Officer Rivera testified that while she was in the Revilla residence responding to a call from Revilla's husband about an argument, Revilla was screaming, "get out of my house, didn't call you, get out of my house." Despite Officer Rivera's requests to Revilla to quiet down and calm down, Revilla yelled "this is [my] house, don't tell [me] what to do." When Officer Rivera suggested that Revilla's daughter and husband move with Rivera to the other end of the kitchen so they could be out of sight of Revilla, Revilla told Officer Rivera "fuck you."
Officer Rivera subsequently attempted to speak to Revilla's husband outside of the residence, but first paused at the front door and asked Revilla what her first name was. Revilla responded, "I don't have to tell you anything, just get out." Then, with an open hand, Revilla pushed Officer Rivera in the chest, and again told Officer Rivera to get out. Officer Rivera stumbled back and said "don't push me." Officer Rivera then saw Revilla's hand and thought Revilla was going to hit her again, so Officer Rivera raised her hands to block her face and told Revilla "don't you touch me," and pushed Revilla back "to make a distance between us."
Revilla testified that Officer Rivera pushed her first, after Revilla had asked the officer to step out of the door because mosquitoes were coming into the house. However, Revilla acknowledged that she was "mad" and "kine'a upset" that Officer Rivera would not leave the house.
In finding Revilla guilty, the district court expressly found Officer Rivera's testimony to be credible and Revilla's testimony not credible.
We conclude that substantial evidence existed that Revilla "shoved" Officer Rivera "in an offensive manner," and that she did so with the intent to harass, annoy, or alarm Officer Rivera. See, e.g., State v. Sanchez, 9 Haw. App. 315, 323, 837 P.2d 1313, 1318 (App. 1992). We reject Revilla's suggestion that she lacked the requisite intent because her objective in shoving Officer Rivera was to get her to leave the house. Even if that were Revilla's ultimate objective, her words and conduct support the inference that she intended to achieve that objective by intentionally harassing, annoying, and alarming Officer Rivera. See Stocker, 90 Hawai`i at 91-92, 976 P.2d at 405-06 (rejecting defendant's claim that he was not guilty of harassment because he had a "legitimate purpose" for slapping his son; court observes that "an `illegitimate purpose' is not an element of the offense of harassment"). Similarly, when viewed in the context of Revilla's words and actions, Revilla shoved Officer Rivera "in an offensive manner." See id. at 91, 976 P.2d at 405 ("It is simply disingenuous to claim that a slap across the face during an argument does not constitute' [s]trik[ing] another person in an offensive manner.'").
Therefore,
IT IS HEREBY ORDERED that the judgment filed on August 11, 2006 in the District Court of the First Circuit is affirmed.
NOTES
[1] The transcript of proceedings on August 21, 2006 states that the Honorable Peter Stone presided, however, the judgment entered on August 21, 2006 appears to have been signed by another judge.