STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RICHARD A. HARE, Defendant-Appellant.
No. 28258.
Intermediate Court of Appeals of Hawaii.
March 12, 2009.
On the briefs:
Phyllis J. Hironaka, Deputy Public Defender, State of Hawai`i, for Defendant-Appellant.
Paul B. K. Wong, Special Deputy Attorney, General, State of Hawai`i, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding J., FOLEY, and NAKAMURA, JJ.
Defendant-Appellant Richard A. Hare (Hare) appeals that part of the amended judgment entered by the Circuit Court of the First Circuit[1] (circuit court) on January 19, 2007, convicting and sentencing him for attempted theft in the second degree (Attempted Theft 2)[2] in violation of Hawaii Revised Statutes (HRS) §§ 708-831 (1) (b) (1993 & Supp. 2003),[3] 708-830 (1) (1993 & Supp. 2003),[4] and 705-500 (1993).[5] The charge of Attempted Theft 2 stemmed from Hare's alleged attempt to obtain automobile liability insurance from GEICO Insurance Company (GEICO) to cover damages caused by Hare during an automobile accident that allegedly occurred before Hare purchased the insurance policy from GEICO.
On appeal, Hare advances the following points of error:
(1) "The [circuit] court erred in denying Hare's motion for judgment of acquittal for Attempted Theft 2 because, absent any evidence that Hare knew that a claim had been made to GEICO between March 9 through March 23, [2004,] there was insufficient evidence that any act by Hare constituted a substantial step toward obtaining over $300 of GEICO's property"; and
(2) "The [circuit] court's plain error in failing to name the alleged complainant[, GEICO,] in the elements instruction on Count II (Attempted Theft 2) prejudiced Hare's substantial rights to a fair trial."
Upon carefully reviewing the record and the briefs submitted by the parties and having duly considered the case law and statutes relevant to the arguments presented and issues raised by the parties, we resolve Hare's points of error as follows:
(1) The circuit court did not err in denying Hare's motions for judgment of acquittal as to the charge of Attempted Theft 2 and submitting this case to the jury because there was substantial evidence adduced at trial that: (a) Hare was driving a 1985 Chevy truck that was involved in an automobile accident on March 9, 2004, at approximately 6:45 a.m.; (b) the other vehicle involved in the accident sustained extensive damages and was deemed a total loss; (c) the driver of the other vehicle suffered personal injuries for which she was paid $16,000 by her insurance carrier; (d) Hare's Chevy truck was not insured at the time of the accident, but after the accident, Hare purchased, via telephone at 8:58 a.m., liability insurance from GEICO to cover the Chevy truck, which obligated GEICO to "repair damages to someone else's property, to provide bodily injury coverage, or to provide medical coverage if someone were injured in [Hare's] vehicle"; (e) on March 23, 2004, Hare told a GEICO representative that his Chevy truck was covered by an active GEICO policy at the time of the accident; and (f) on that same day, Hare filed a police statement attesting to having GEICO coverage on the day of the accident and also submitted to the police a copy of his GEICO insurance card. See State v. Hicks, 113 Hawai`i 60, 69, 148 P.3d 493, 502 (2006); State v. Haanio, 94 Hawai`i 405, 418, 16 P.3d 246, 259 (2001); and State v. Hong, 62 Haw. 83, 86, 611 P.2d 595, 597-98 (1980).
(2) Hare's rights to a fair trial were not prejudiced by the failure of the circuit court to name GEICO as the alleged complainant in the jury instruction on the elements of Attempted Theft 2,[6] inasmuch as the indictment, testimony at trial, and arguments of both parties consistently referred to Hare's efforts to obtain insurance benefits from GEICO as the basis for the charge of Attempted Theft 2. See State v. Nases, 65 Haw. 217, 218, 649 P.2d 1138, 1139 (1982) (per curiam) (holding that "[i]t has long been settled that where the offense is obtaining control over the property of another, proof that the property was the property of another is all that is necessary and the naming of the person owning the property in the indictment is surplusage" and therefore "[t]he particular ownership of the property in question was not an essential element in proving the crime"); State v. Sanchez, 9 Haw. App. 315, 320, 837 P.2d 1313, 1316 (1992) ("[A] conviction will not be set aside due to a variance between the evidence proved and the allegations in the indictment or information unless the variance is material."); and State v. Whitaker, 117 Hawai`i 26, 39-40, 175 P.3d 136, 149-50 (App. 2007).
Accordingly, the amended judgment entered by the circuit court on January 19, 2007 is affirmed.
NOTES
[1] The Honorable Michael A. Town presided.
[2] The amended judgment also determined that Hare was not guilty pursuant to a jury verdict of insurance fraud in violation of HRS § 431:10C-307.7 (2005).
[3] At the time Hare allegedly committed Attempted Theft 2, HRS § 708-831 (1) (b) stated that f! [a] person commits the offense of theft in the second degree if the person commits theft... [o]f property or services the value of which exceeds $300 [.]"
[4] HRS § 708-830(1) stated, in part, that "[a] person commits theft if the person ... obtains, or exerts control over, the property of another with intent to deprive the other of the property."
[5] HRS § 705-500 defines "criminal attempt" as follows:

Criminal attempt. (1) A person is guilty of an attempt to commit a crime if the person:
(a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or
(b) Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.
(2) When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.
(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.
[6] The instruction to the jury that Hare challenges on appeal stated, in part, as follows:

In Count 2 of the indictment, [Hare] is charged with the offense of Attempted Theft in the Second Degree.
A person commits the offense of Attempted Theft in the Second Degree if he intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate strike that d  to culminate in his commission of Theft in the Second Degree.
There are two material elements to the offense of Attempted Theft in the Second Degree, each of which the prosecution must prove beyond a reasonable doubt.
These two elements are:
1. On or about March 9, 2004, to and including March 23, 2004, in the City and County of Honolulu, [Hare] engaged in conduct which, under the circumstances as [Hare] believed them to be, was a substantial step in a course of conduct intended by [Hare] to culminate in the commission of Theft in the Second Degree; and
2. [Hare] engaged in such conduct intentionally.
Conduct shall not be considered a substantial step unless it is strongly corroborative of [Hare's] intent to commit Theft in the Second Degree.
A person commits the offense of Theft in the Second Degree if he obtains or exerts control over the property of another, the value of which exceeds $300, with intent to deprive the person of that property.
... "Obtain" means to bring about a transfer of possession or other interest, whether to the obtainer or to another.
"Control over property" means the exercise of dominion over the property and includes, but is not limited to, taking, carrying away, or possessing the property.
"Property" means any money, personal property, real property, thing in action, evidence of debt or contract, or article of value of any kind.
"Property of another" means property which any person, other than [Hare], has possession of or any other interest in.
"Deprive" means:
1. To withhold property or cause it to be withheld from a person permanently or for so extended a period or under such circumstances that a significant portion of its economic value, or of the use and benefit thereof, is lost to the person; or
2. To dispose of the property so as to make it unlikely that the owner will recover it; or
3. To retain the property with intent to restore it to the owner only if the owner purchases or leases it back, or pays a reward or other compensation for its return; or
4. To sell, give, pledge, or otherwise transfer any interest in the property; or
5. To subject the property to the claim of a person other than the owner.
(Emphases added.) The foregoing instructions essentially tracked the statutes governing Attempted Theft 2. Hare maintains, however, that the circuit court's "failure to name the complainant, [GEICO,] together with the inference that the complainant was a person rather than a company, opened the door to speculation regarding the complainant's identity ... and allowed the jury to convict Hare on a nebulous Attempted Theft 2 charge."