STATE OF HAWAII, Plaintiff-Appellee, *v.* JOSEPH SMITH
REESE, III, also known as Joseph Smith Reese and Joey,
Defendant-Appellant

NO. 6732

JANUARY 28, 1980

RICHARDSON, C.J., OGATA AND MENOR, JJ.
AND RETIRED JUSTICE MARUMOTO
IN PLACE OF KIDWELL, J., ABSENT*

*Per Curiam.* This is an appeal by the defendant who was
convicted of attempted robbery in the first degree under HRS
§ 705-500 and 708-840. At issue is whether an inculpatory
statement made to the police by the defendant before he was
given the *Miranda*[1] warning was properly admitted into evi-
dence.

---

* Justice Kobayashi, who heard oral argument in this case, retired from the court
on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of
a case, if a vacancy arises or if for any other reason a justice is unable to continue on
the case, the case may be decided or disposed of upon the concurrence of any three
members of the court without filling the vacancy or the place of such justice."

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

Responding to a report of a possible robbery in progress at approximately 10:00 p.m., Officers Mariboho and Costa proceeded to a liquor store on Nimitz Highway. When they reached the scene, they saw the defendant standing 75 feet away from the liquor store with a long-barreled rifle in his hands. When the defendant recognized the two men to be police officers, he placed the rifle on the ground and waited for them. Officer Mariboho approached the defendant with his gun drawn, and Officer Costa, leveling a shotgun at the defendant, ordered him to place his hands against the wall. The defendant was then given a patdown after which Officer Mariboho began to handcuff him. While so doing, the officer asked, "What the f--- are you doing here?" The defendant paused for a moment and then responded, "Yeah, I'm the one, I was going to hit the store."

An individual in police custody may not be subjected to interrogation without first being advised of his *Miranda* rights. *State v. Amorin*, 61 Haw. 356, 604 P.2d 45 (1979); *State v. Patterson*, 59 Haw. 357, 581 P.2d 752, 753 (1978). The Supreme Court in *Miranda* defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." 384 U.S. at 444.

The defendant in this case was clearly under arrest at the time the officer asked the question which elicited the inculpatory response. *See State v. Delmondo*, 54 Haw. 552, 512 P.2d 551, 554 (1973). The detention of the defendant was not the temporary investigative stop we found to exist in *State v. Patterson, supra*. Rather, the information that a possible robbery of a liquor store was in progress and the sight of the defendant near the store with a rifle in his hands gave the police probable cause to arrest the defendant. Officer Mariboho's own testimony established that the police intended to arrest the defendant the moment they saw him with the rifle in his hands. Thus, at the time of the ensuing patdown and handcuffing, the defendant had been effectively placed under arrest.

After the defendant was taken into custody he could not be asked questions touching upon the commission of the offense without first having been given the *Miranda* warning. *Miranda v. Arizona, supra; State v. Patterson, supra.* And in the factual setting of this particular case, the improper admission of the defendant's incriminatory statement was not harmless error.

The State nevertheless argues that the defendant's failure to object at trial to the reception of the challenged evidence constituted a waiver of that issue on appeal. We disagree.

HRS § 641-16 states in pertinent part as follows:

Except as otherwise provided by the rules of court, there shall be no reversal for any alleged error in the admission or rejection of evidence or the giving of or refusing to give an instruction to the jury unless such alleged error was made the subject of an objection noted at the time it was committed *or brought to the attention of the court in another appropriate manner.* (Emphasis added)

Although the defendant did not object to the introduction of the statement at the trial itself, his objection was noted at a pretrial suppression hearing held pursuant to H.R.P.P. Rule 12(b)(3). Rule 12(b)(3) requires that motions to suppress evidence be made prior to trial. We find that the defendant, having complied with the requirements of Rule 12(b)(3), satisfied the relevant provisions of HRS § 641-16 and thus sufficiently preserved the issue on appeal.

In support of its contention the State cites *Territory v. Young,* 32 Haw. 628 (1933) and *State v. Matias* 57 Haw. 96, 550 P.2d 900 (1976). However, unlike the case before us, the waiver in each of those cases resulted from a failure by the defendant to object at any time, either before or during trial, to the error sought to be raised on appeal.

Reversed.

*Kenneth T. Okamoto,* Deputy Public Defender for defendant-appellant.

*Lee T. Nakamura,* Deputy Prosecuting Attorney for plaintiff-appellee.