*** FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCWC-22-0000468
28-JUN-2024
08:13 AM
Dkt. 34 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

JOHN SING,
Petitioner/Defendant-Appellant,

and

ABRAHAM SIONESINI,
Defendant-Appellee.

SCWC-22-0000468

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-22-0000468; CASE NO. 1CPC-19-0001722)

JUNE 28, 2024

RECKTENWALD, C.J., McKENNA, EDDINS, GINOZA, AND DEVENS, JJ.

OPINION OF THE COURT BY RECKTENWALD, C.J.

## I.    INTRODUCTION

This case involves a charge of Robbery in the Second Degree and a conviction of Attempted Robbery in the Second Degree.  Wesley Mau (Complainant) was sitting on a bench in a Waikiki park when petitioner John Sing and Abraham Sionesini approached him.  Sionesini said "I want your watch," and tugged on Complainant's watch.  Complainant pulled his arm away.  Then Sing said "So what? You gonna call the police?" and lightly punched Complainant across the face.  Sing and Sionesini walked away from Complainant, and police apprehended both men later that night.

Sing was indicted for Robbery in the Second Degree under Hawaiʻi Revised Statutes (HRS) § 708-841(1)(a) (2014).  At trial, the circuit court instructed the jury on both Robbery in the Second Degree and Attempted Robbery in the Second Degree, per the State's request.[1]  The jury did not convict Sing of Robbery in the Second Degree, but convicted him of Attempted Robbery in the Second Degree.

Before this court, Sing argues that the circuit court erred in instructing the jury on Attempted Robbery in the Second Degree, and the Intermediate Court of Appeals (ICA) erred in

---

[1]    The Honorable James S. Kawashima presided.

2

affirming that decision. He contends that Attempted Robbery in the Second Degree is never a cognizable crime under HRS § 701-109 (2014) and HRS § 708-841 (2014). Alternatively, he claims there was insufficient evidence at trial to support his conviction of Attempted Robbery in the Second Degree.

We hold that Attempted Robbery in the Second Degree is a crime in Hawaiʻi, but not under the facts presented in this case. Thus, the circuit court erred by instructing the jury on Attempted Robbery in the Second Degree. Accordingly, we (1) vacate the ICA's judgment; (2) vacate the circuit court's judgment, conviction, and sentence on Attempted Robbery in the Second Degree; and (3) remand to the circuit court with instructions to dismiss the charges against Sing with prejudice.

## II. BACKGROUND

The facts of the case are straightforward. Complainant was waiting for his work shift in Waikiki when Sing and Sionesini approached him. Sionesini spoke to Complainant directly and said "Your watch. I want your watch," while tugging on Complainant's watchband. Complainant pulled his arm away, and Sionesini did not try to take the watch again. Sing then said to Complainant "So what? You gonna call the police?" and

"lightly" punched Complainant across the face.[2]  Sing and Sionesini then walked away.  Complainant walked to a convenience store and asked a manager to call the police.  Police arrested Sing and Sionesini later that night.

Sing and Sionesini were charged with Robbery in the Second Degree,[3] in violation of HRS § 708-841(1)(a).[4]  The Grand Jury charged:

> On or about November 18, 2019, in the City and County of Honolulu, State of Hawaiʻi, ABRAHAM SIONESINI and JOHN SING, while in the course of committing theft, did use force against the person of [Complainant], a person who was present, with the intent to overcome [Complainant's] physical resistance or physical power of resistance, thereby committing the offense of Robbery in the Second Degree. . . .

At trial, the State argued that Sing aided Sionesini as an accomplice and Sing should be convicted of Robbery in the Second Degree because he (1) attempted theft while (2) using force.  The State requested jury instructions on Robbery in the

---

[2]	Complainant described the punch as a one on a one-to-ten scale of pain.

[3]	Sionesini pled no contest to the Robbery in the Second Degree charge.

[4]	HRS § 708-841(1)(a) states:

A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:

> (a)	The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance.

Second Degree, Attempted Robbery in the Second Degree, and accomplice liability.

The court gave both the accomplice and attempted robbery instructions over Sing's objections.  It first instructed the jury on the offense of Robbery in the Second Degree:

> The defendant, John Sing, is charged with the offense of Robbery in the Second Degree.
>
> A person commits Robbery in the Second Degree if, in the course of committing theft, the person uses force against the person of anyone present, with the intent to overcome the person's physical resistance or physical power of resistance.
>
> There are two material elements of Robbery in the Second Degree, each of which the prosecution must prove beyond a reasonable doubt.
>
> The two elements are:
>
> 1. That, on or about November 18, 2019, in the City and County of Honolulu, State of Hawaiʻi, the defendant, John Sing, was in the course of committing theft; and
>
> 2. That, while doing so, the defendant, John Sing, used force against the person of [Complainant], a person who was present, with intent to overcome [Complainant's] physical resistance or physical power of resistance.
>
> A person commits theft if he intentionally obtains or exerts unauthorized control over the property of another with intent to deprive the person of the property.
>
> An act shall be deemed "in the course of committing theft" if it occurs in an attempt to commit theft, in the commission of theft, or in the flight after the attempt or commission.

(Emphasis added.)

The Court then instructed the jury on Attempted Robbery in the Second Degree:

> If and only if you find the defendant not guilty of Robbery in the Second Degree, or you are unable to reach a unanimous verdict as to this offense, then you must consider whether the defendant is guilty or not guilty of the included offense of Attempted Robbery in the Second Degree.
>
> A person commits the offense of Attempted Robbery in the Second Degree if he intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in the course of – in a course of conduct intended to culminate in his commission of Robbery in the Second Degree.

(Emphases added.)

The jury found Sing guilty of Attempted Robbery in the Second Degree. It did not find Sing guilty of Robbery in the Second Degree.

The verdict form read as follows:

WE THE JURY in this case find the Defendant JOHN SING,

_____ Not Guilty; or

_____ Guilty as charged of the offense of Robbery in the Second Degree; or

___X_____ Guilty of the included offense of Attempted Robbery in the Second Degree.

Sing appealed his conviction to the ICA, arguing (1) the circuit court erred by giving the Attempted Robbery in the Second Degree instruction and (2) there was insufficient evidence to support his conviction of Attempted Robbery in the Second Degree.

6

The ICA affirmed his conviction.  It concluded the circuit court did not err in giving the Attempted Robbery instruction because "[t]here was a rational basis in the evidence for the jury to find that Sing <u>attempted</u> to obtain or exert control over [Complainant's] watch, and thus to convict Sing of the included offense of Attempted Robbery in the Second Degree."  It also concluded that there was sufficient evidence to support his conviction.

Sing asks this court to reverse his conviction.  He contends that the ICA erred by holding there was (1) a rational basis for the Attempted Robbery in the Second Degree jury instruction and (2) sufficient evidence to support his conviction for Attempted Robbery in the Second Degree.

### III. STANDARDS OF REVIEW

#### A.   Statutory Interpretation

"The interpretation of a statute is a question of law reviewable <u>de</u> <u>novo</u>."  <u>State v. Arceo</u>, 84 Hawai‘i 1, 10, 928 P.2d 843, 852 (1996).

> Furthermore, our statutory construction is guided by established rules:
>
>> When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.  And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

7

> When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.
>
> In construing an ambiguous statute, "the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning." HRS § 1-15(1) (1993). Moreover, the courts may resort to extrinsic aids in determining legislative intent. One avenue is the use of legislative history as an interpretive tool.

This court may also consider "the reason and spirit of the law, and the cause which induced the legislature to enact it to discover its true meaning." HRS § 1-15(2) [(1993)]. "Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another." HRS § 1-16 (1993).

Nonetheless, absent an absurd or unjust result, . . . this court is bound to give effect to the plain meaning of unambiguous statutory language and may only resort to the use of legislative history when interpreting an ambiguous statute.

State v. Ruggiero, 114 Hawaiʻi 227, 231-32, 160 P.3d 703, 707-08

(2007) (brackets, citations, and ellipses in original omitted).

**B.    Jury Instructions**

> When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading.
>
> Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial.
>
> Error is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled. In that context, the real question becomes whether there is a reasonable possibility that error may have contributed to conviction.

> If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.

State v. Gonsalves, 108 Hawaiʻi 289, 292-93, 119 P.3d 597, 600-01 (2005) (internal quotation marks, citations, and brackets omitted) (quoting Arceo, 84 Hawaiʻi at 11-12, 928 P.2d at 853-54).

## C.   Double Jeopardy

> The issue [of] whether a reprosecution is barred by double jeopardy is a question of constitutional law.  We review questions of constitutional law by exercising our own independent constitutional judgment based on the facts of the case. Accordingly, we review questions of constitutional law de novo under the right/wrong standard.

State v. Rogan, 91 Hawaiʻi 405, 411-12, 984 P.2d 1231, 1237-38 (1999) (internal quotation marks and citations omitted).

## IV.   DISCUSSION

The parties dispute whether (1) attempted robbery is a crime at all under Hawaiʻi law, and (2) it was proper to instruct the jury on Attempted Robbery in the Second Degree.  We answer yes to the first question.  We answer no to the second question.

HRS § 708-841 (2014) defines Robbery in the second degree:

> (1) A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:
>
> > (a) The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance;

> (b) The person <u>threatens the imminent use of force</u> against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property; or
>
> (c) The person <u>recklessly inflicts</u> serious bodily injury upon another.

(Emphases added.)

HRS § 708-842 (2014) defines the phrase "in the course of committing theft":

> An act shall be deemed "in the course of committing a theft or non-consensual taking of a motor vehicle" if it occurs <u>in an attempt to commit theft</u> or non-consensual taking of a motor vehicle, in the commission of theft or non-consensual taking of a motor vehicle, or in the flight after the attempt or commission.

(Emphasis added.)

Because the phrase "in the course of committing a theft" includes both actual and attempted theft, we hold that Robbery in the Second Degree may be charged when a defendant allegedly (1) is "in the course of committing theft" (actually commits theft or attempts theft) and (2) <u>actually uses</u> force or threatens the use of force. Attempted Robbery in the Second Degree, on the other hand, may only be charged when a defendant allegedly (1) is "in the course of committing theft" (actually commits theft or attempts theft) and (2) <u>attempts</u> to <u>use</u> or <u>threaten the use</u> of force. The difference in the charge turns on whether there is an actual or attempted use of force (or threatened use of force).

10

We therefore conclude that Attempted Robbery in the Second Degree does not apply in cases where, as here, a defendant is in the "course of committing theft" and actually uses force. Those alleged actions are sufficient to convict on Robbery in the Second Degree, so there is no rational basis to instruct on Attempted Robbery in the Second Degree. In this case, we hold that there was no rational basis to instruct the jury on Attempted Robbery in the Second Degree, and accordingly, we vacate Sing's conviction on that charge.

## A. Attempted Robbery is a Cognizable Crime Under HRS § 708-841 When There is An Attempted Use or Threatened Use of Force

Sing argues that the State can never charge a defendant with Attempted Robbery in the Second Degree under HRS § 708-841, and therefore it was error to do so in his case. We disagree. Attempted Robbery in the Second Degree is a cognizable crime under HRS § 708-841, but as described infra section IV.B, not in Sing's case.

First, Robbery in the Second Degree statutorily includes both attempted and actual theft within the felony charge. Hawaiʻi adopted a Model Penal Code (MPC) version of the offense of robbery. In doing so, the legislature deliberately included attempts of theft within a robbery charge because of the crime's severity. See generally MODEL PENAL CODE AND COMMENTARIES § 222.1 (AM. L. INST., Official Draft and Revised

11

Comments 1980) ("The perception that one who attempts a robbery poses essentially the same dangers as the successful robber led legislatures to develop more serious sanctions for various forms of attempt."). The MPC explains that the phrase "in the course of committing a theft" is "defined to include conduct occurring during an attempt to commit a theft or in flight after its attempt or commission. This represents a broader conception of the offense than previously existed in many states." MODEL PENAL CODE § 222.1 introductory note on section (AM. L. INST., Adopted Text 1962).

The commentary to HRS § 708-841 indicates the Hawaiʻi legislature's similar desire to create a more expansive understanding of robbery than was previously included:

> Basically, robbery appears to consist of both theft and threatened or actual assault. It is significant to note, however, that the theft acts as an incentive to the threatened use of force. Thus the combination of these two criminal activities has a multiplicative, rather than a simple additive effect. This increased risk of harm is one reason why robbery is treated as a separate offense and more severely penalized than the sum of its simple components would seem to indicate. Another reason which has been advanced for the separate treatment of robbery is that the average citizen feels a special degree of affront at the prospect of having his possessions taken through the threat or use of force.
>
> . . . .
>
> Previous Hawaiʻi law also recognized two degrees of robbery. Robbery was defined as the "stealing of a thing from the person of another or from his custody or presence, by force or putting him in fear." . . . Thus, the Code's definitions of the offenses are substantively similar to those of prior Hawaiʻi law; however, the Code's definitions are more inclusive than prior law and are linguistically correlated with the theft offenses.

12

Commentary to HRS § 708-841 (emphases added).

We have affirmed convictions of Attempted Robbery in the First and Second Degrees in the past, although those cases did not explicitly raise the issue posed here. See State v. Vinge, 81 Hawaiʻi 309, 318-19, 916 P.2d 1210, 1219-20 (1996), abrogated on separate grounds by State v. Cabagbag, 127 Hawaiʻi 302, 277 P.3d 1027 (2012) ("[A] defendant cannot commit first degree robbery without committing theft or attempted theft."); State v. Mendonca, 68 Haw. 280, 281, 711 P.2d 731, 732-33 (1985) (affirming conviction of Attempted Robbery in the Second Degree when defendant drove after complainant's car and fired several shots after he "decided to rob" complainant); State v. Reese, 61 Haw. 499, 499-500, 605 P.2d 935, 936 (1980) (affirming conviction of Attempted Robbery in the First Degree when defendant was "standing 75 feet away from [a] liquor store with a long-barreled rifle in his hands," and told police he "was going to hit the store.").

We agree with the outcomes of these cases and hold that Attempted Robbery in the First or Second Degree is a cognizable crime in Hawaiʻi. Our statutory scheme permits an attempted robbery charge when there is an attempt of elements such as HRS § 708-841(1)(a) (when a defendant "uses force against the person") and HRS § 708-841(1)(b) (when a

13

defendant "threatens the imminent use of force against the person . . . .").

For example, attempted robbery is an appropriate charge in circumstances where there was (1) attempted theft and (2) a substantial step taken toward using or threatening the imminent use of force.  See State v. Farrad, 753 A.2d 648, 650, 657 (N.J. 2000) (holding attempted robbery is cognizable where defendant wrapped his face in a scarf so that "only his eyes were visible" before entering a restaurant, walked towards the restaurant counter, "place[d] his hand into his right coat pocket" (and had a gun in that pocket), but was stopped by officers before anything else happened because MPC "suggests that attempted robbery is an appropriate charge when a defendant is apprehended before reaching the potential robbery victim."). In Reese, the defendant was convicted of Robbery in the First Degree under HRS § 705-500 (2014) (the attempt statute) because he was "standing 75 feet away from [a] liquor store with a long-barreled rifle in his hands," and when approached by police said "I was going to hit the store."  61 Haw. at 500, 605 P.2d at 936.  While the court there reversed on a different issue, our holding today would not have affected Reese's prosecution for Attempted Robbery in the First Degree because the defendant took a substantial step towards using force or threatening the imminent use of force.

14

We therefore conclude that Attempted Robbery in the Second Degree is a cognizable offense in situations where there are attempts to use force or threaten the use of force.

**B.     Under the Facts of This Case, the Circuit Court Erred by Instructing the Jury on Attempted Robbery in the Second Degree**

Here, Sing was charged with Robbery in the Second Degree under HRS § 708-841(1)(a) (when a defendant "uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance.").  While attempted robbery can be charged if a defendant allegedly (1) attempts to use force against or (2) attempts to threaten the use of force against another, those facts are not before us.  Sing did not <u>attempt</u> to use force.  Instead, he actually <u>used</u> force when he punched Complainant across the face.  Thus, there was no rational basis in the evidence to charge or find Sing guilty of Attempted Robbery in the Second Degree under HRS § 708-841(1)(a).

The facts of this case are distinct from those of a case like <u>Farrad</u> or <u>Reese</u>.  Here, Sing allegedly acted as an accomplice to Sionesini.  He watched Sionesini approach Complainant, say "I want your watch," and then tug on Complainant's watch.  Sionesini was appropriately charged with Robbery in the Second Degree, given that he (1) attempted theft of the watch and (2) used force by tugging on Complainant's

15

wrist.  Sing then allegedly furthered this attempted theft by saying "So what? You gonna call the cops?" and then lightly punching Complainant in the face.  If Sing was acting to further the attempted theft, then he was (1) in the course of committing theft when he (2) used force against Complainant, by punching him in the face.  Those facts would provide sufficient evidence to convict under Robbery in the Second Degree.

HRS § 701-109(5) states that a court "is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense."  Here, there is no rational basis to convict Sing of the "included offense" of Attempted Robbery in the Second Degree, because Sing did not attempt to use force – rather, he actually used it.

The State charged Sing with Robbery in the Second Degree under HRS § 708-841(1)(a) for allegedly using force against Complainant while in the course of committing theft.  It had the burden to prove that Sing was "in the course of committing theft" and used force "with the intent to overcome that person's physical resistance or physical power of resistance."  Sing <u>used</u> force by lightly punching Complainant across the face.  Therefore, there was no <u>attempt</u> of that element.

16

The only remaining element to apply the substantial step test to is "in the course of committing a theft." By § 708-842's plain language, the phrase "in the course of committing a theft" includes attempted theft. See HRS § 708-842 ("An act shall be deemed 'in the course of committing a theft . . . ' if it occurs in an attempt to commit theft . . . "). Sing either attempted theft or he did not. He could not have attempted to attempt theft. Therefore, the circuit court erred in instructing the jury on Attempted Robbery in the Second Degree.

The ICA therefore erred in determining there was a rational basis to instruct the jury on Attempted Robbery in the Second Degree because Sing "attempted to obtain or exert control over [Complainant's] watch." An attempt to obtain or exert control over an object is attempted theft. See HRS § 708-830(1) (2014) (defining theft as when person "obtains or exerts unauthorized control over the property of another with intent to deprive the other of the property."). Attempted theft is already included in the definition of Robbery in the Second Degree. The ICA erred by concluding there was a rational basis in the evidence for the jury to convict Sing of the included offense of Attempted Robbery in the Second Degree under these facts.

17

In sum, we conclude that the circuit court erred in instructing the jury on Attempted Robbery in the Second Degree on the facts of this case.

## C.   Disposition

### 1.   The circuit court's error was not harmless beyond a reasonable doubt

As discussed above, the circuit court erred by instructing the jury on Attempted Robbery in the Second Degree.

The State argued "the inclusion of the attempted robbery instruction in the charge to the jury does not warrant the vacatur of [Sing's] conviction" because Sing (1) "does not appear to declare that the alleged instructional error was prejudicial, nor could he genuinely so declare in light of his contentions," and (2) did not "object to the wording of the instruction during the settling of jury instructions."

Because (1) instructional errors are presumptively harmful and grounds for reversal, unless, reading the record as a whole, they were harmless beyond a reasonable doubt, and (2) the errors here were not harmless beyond a reasonable doubt, the State's argument is unpersuasive.

> When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. <u>Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial.</u> However, error is not to be viewed in isolation and considered purely in the abstract.

18

> It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled.  In that context, the real question becomes whether there is a reasonable possibility that error might have contributed to conviction.  If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.

State v. Nichols, 111 Hawai‘i 327, 334, 141 P.3d 974, 981 (2006) (emphasis added) (brackets omitted) (quoting State v. Gonsalves, 108 Hawai‘i at 292-93, 119 P.3d at 600-01).

The improper jury instruction was not harmless beyond a reasonable doubt.  That instruction read:

> If and only if you find the defendant not guilty of Robbery in the Second Degree, or you are unable to reach a unanimous verdict as to this offense, then you must consider whether the defendant is guilty or not guilty of the included offense of Attempted Robbery in the Second Degree.

Here, the jury had the option to convict Sing of Robbery in the Second Degree, but did not do so.  If the attempted robbery instruction had not been given at all, Sing might have been directly acquitted of the charge.  Therefore, there is a "reasonable possibility that [the] error might have contributed to [his] conviction."  Nichols, 111 Hawai‘i at 334, 141 P.3d at 981.  Accordingly, we cannot conclude that the error was harmless beyond a reasonable doubt.

2. **Sing may not be retried for Robbery in the Second Degree because double jeopardy protections apply**

Article I, section 10 of the Hawai‘i Constitution requires that no person "shall . . . be subject for the same

19

offense to be twice put in jeopardy . . . ." The Fifth Amendment to the U.S. Constitution requires that no person "shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ."

"Double jeopardy protects individuals against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." Rogan, 91 Hawaiʻi at 416, 984 P.2d at 1242.

We have held that "a defendant may not be retried for any offense of which he has been acquitted, whether expressly or impliedly, notwithstanding a subsequent reversal of the judgment on appeal." State v. Kalaola, 124 Hawaiʻi 43, 52-53, 237 P.3d 1109, 1118-19 (2010) (quoting State v. Feliciano, 62 Haw. 637, 644, 618 P.2d 306, 311 (1980)).

Under HRS § 701-110(1) (2014) and relevant case law,

> [A] defendant who has been convicted of a lesser included offense than that charged is deemed to have been acquitted of the greater charge. Thus a defendant may not be retried for any offense of which he has been acquitted, whether expressly or impliedly, notwithstanding a subsequent reversal of the judgment on appeal.

Feliciano, 62 Haw. at 644, 618 P.2d at 310-11.

We presume "that jurors are reasonable and generally follow the instructions they are given." State v. Holbron, 80 Hawaiʻi 27, 46, 904 P.2d 912, 931 (1995) (citation omitted). Here, the jury reached the erroneous jury instruction only

20

because it could not agree as to whether Sing was guilty of Robbery in the Second Degree.  See State v. Loa, 83 Hawai'i 335, 359, 926 P.2d 1258, 1282 (1996) ("[T]he fact that the jury reached the erroneous instruction [of attempted manslaughter] at all signifies that it was unable to convict [defendant] of attempted first degree murder.").  In Loa, we vacated the defendant's conviction for attempted reckless manslaughter because that charge did not legally exist.  Id. at 339, 926 P.2d at 1262.  The jury was erroneously instructed that attempted reckless manslaughter was an included offense of attempted first-degree murder.  Id. at 359, 926 P.2d at 1282.  We held that it was plain error to instruct the jury on a non-existent offense and that the defendant could not be tried again for attempted first-degree murder.  Id. at 361, 926 P.2d at 1284.

Similarly here, we hold that Sing's conviction for Attempted Robbery in the Second Degree must be vacated because under the facts of this case, the offense did not exist, and therefore he may not be retried for Robbery in the Second Degree.  The jury decided not to convict Sing of Robbery in the Second Degree, either because it found him not guilty of that offense or because it could not unanimously agree that he was guilty of that offense.  This decision amounts to an implied acquittal, and Sing therefore may not be retried for Robbery in the Second Degree, as the State concedes.

21

In its supplemental briefing, the State argued that if we concluded the circuit court erred by instructing the jury on Attempted Robbery in the Second Degree, we would be applying a new rule that could lead to an influx of postconviction challenges from defendants previously convicted of Attempted Robbery in the Second Degree. It therefore contended that we should apply any new rule purely prospectively, so that Sing's conviction would stand. Alternatively, the State urged us to adopt a pipeline retroactive effect, such that a new rule would only apply to those defendants who raise a challenge related to this issue on direct appeal.

However, our decision today does not outline a new rule, but merely applies our precedents to the facts of this case. In Sing's case, we are engaging in statutory construction "only . . . to elucidate the meaning and application of specific provisions of a statute." See Rapozo v. State, 150 Hawai'i 66, 80, 497 P.3d 81, 95 (2021). By holding that Sing could not have attempted to attempt theft in the circumstances of this case, this court is merely applying preexisting law. Thus, interpreting the Robbery in the Second Degree statute to include an attempt of theft does not constitute a new rule. We therefore need not decide whether our holding should apply retroactively or prospectively. See Schwartz v. State, 136 Hawai'i 258, 274, 361 P.3d 1161, 1177 (2015) ("[W]here this court

engages only in statutory construction to elucidate the meaning and application of specific provisions of a statute, we have held that a new rule does not arise.").

Accordingly, we vacate Sing's conviction and remand with instructions that the circuit court dismiss the charges against him with prejudice because double jeopardy principles bar a new trial on Robbery in the Second Degree. Because we vacate his conviction on this issue, we need not address Sing's sufficiency of the evidence argument.

### V.    CONCLUSION

Based on the foregoing, we (1) vacate the ICA's Judgment on Appeal, filed October 5, 2023; (2) vacate the ICA's Summary Disposition Order, filed September 1, 2023; (3) vacate the Circuit Court of the First Circuit's Judgment of Conviction and Probation Sentence, entered on July 5, 2022; and (4) remand the case to the circuit court with instructions to dismiss the charges with prejudice.

Daniel Kawamoto
for petitioner/defendant-appellant

Robert T. Nakatsuji
for respondent/plaintiff-appellee

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Vladimir P. Devens

