

**Filed**
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

**PEOPLE OF GUAM,**
Plaintiff-Appellee,

**v.**

**AJ MUNA TOVES,**
Defendant-Appellant.

Supreme Court Case No. CRA24-005
Superior Court Case No. CF0510-22

## OPINION

## Cite as: 2024 Guam 14

Appeal from the Superior Court of Guam
Argued and submitted on October 21, 2024
Hagåtña, Guam

Appearing for Defendant-Appellant:
Stephen P. Hattori, *Esq.*
Public Defender
Public Defender Service Corporation
779 Rte. 4
Sinajana, GU 96910

Appearing for Plaintiff-Appellee:
Nathan M. Tennyson, *Esq.*
Acting Deputy Attorney General
Office of the Attorney General
590 S. Marine Corps Dr., Ste. 802
Tamuning, GU 96913



**E-Received**
12/31/2024 11:13:54 AM

BEFORE: ROBERT J. TORRES, Chief Justice; F. PHILIP CARBULLIDO, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**TORRES, C.J.:**

[1]     This is an appeal from a jury verdict convicting Defendant-Appellant AJ Muna Toves of one count of second-degree robbery, along with a special allegation of use of a deadly weapon. To violate the second-degree robbery statute, an act must occur in the course of committing a theft. Based on his reading of the statute, Toves raises two issues on appeal. The first is that there is insufficient evidence to sustain his robbery conviction because the People failed to prove that a theft occurred. The second is that the trial court should have instructed the jury on attempted second-degree robbery as an included offense, because—at most—the evidence showed he unsuccessfully attempted to commit a theft. Both arguments are foreclosed by the plain language of 9 GCA § 40.40, which states: "An *act* occurs in the course of committing a theft if it occurs in an attempt to commit theft . . . ." We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

[2]     On the evening of July 29, 2022, a man wearing a mask and carrying a handgun entered Valencia Check Cashing on Route 16 in Dededo. Three employees were working behind the counter, which was protected by bulletproof glass. The man walked up to the counter, pointed his gun at the cashier, and told him to "put the money in the bag." Transcript ("Tr.") at 25 Jury Trial – Day 1, Nov. 21, 2022). The three employees behind the counter immediately retreated into a back office and closed the door. While the employees were running to the back office, the man fired a shot into the glass. The masked man then attempted to gain access to the area behind the counter, which was separated from the customer area by a hallway and two locked doors.

[3]     Although the employees could no longer see the masked man, they heard what sounded like the man kicking down the door that separated the customer area from the hallway and then

trying to kick down the steel door leading from the hallway to a restricted area. *Id.* at 27-28; *see also id.* at 46 (testifying that security camera footage confirmed the man ran through the first door and into the hallway). But the man could not gain access to the area behind the steel door and ultimately fled. This event lasted less than two minutes and was captured by security camera footage admitted at trial. It is essentially undisputed that nothing was taken during the incident. *See* Appellee's Br. at 6 (July 29, 2024).

[4]     Eyewitnesses saw the man in the mask exit the business and get into a green Nissan truck. One eyewitness recorded the truck's license plate number and reported it to the police. That same evening, a police officer observed a green truck driving erratically at the intersection near the Dededo Cost-U-Less and pursued the vehicle throughout Dededo. During the pursuit, the officer saw the face of the man driving the truck. Eventually, the man abandoned the truck near La Familia Mart on Ysengsong Road in Dededo and escaped into the jungle. The officer confirmed by radio that the abandoned truck's license plate matched that seen at Valencia Check Cashing. The officer then searched the vehicle, finding a hockey mask, a firearm, and a photo ID of AJ Toves. The officer testified that the photo on the ID matched the person he had seen driving the truck. Several days later, on August 8, 2024, police were dispatched to remove a man sleeping near the loading dock at the Days Inn Motel. The man identified himself as AJ Toves, and he was eventually taken into custody.

[5]     Toves was indicted on one count of second-degree robbery, along with a deadly weapon special allegation, for "display[ing] what appeared to be . . . a deadly weapon, while in the course of committing theft" in violation of 9 GCA § 40.20(a)(3). Record on Appeal ("RA"), tab 8 at 1 (Indictment, Aug. 18, 2022). At the close of trial, defense counsel did not move for a judgment of acquittal, stating: "We have to concede that . . . there is a strong circumstantial case." Tr. at 4 (Jury Trial – Day 4, Nov. 28, 2022). The trial court observed: "As recognized by defense counsel,

this is a strong circumstantial evidence case. The Court believes that there has been enough evidence presented for the jury to make a call, based on the evidence . . . ." *Id.* at 5.

[6]     The jury was instructed that "[a] person is guilty of robbery in the second degree if, in the course of committing a theft, he: is armed with or displays what appears to be explosives or a deadly weapon." RA, tab 45 at 50 (Jury Instrs., Nov. 29, 2022). The jury was also instructed that "[a]n 'act' occurs in the course of committing a theft if it occurs in an attempt to commit theft or in flight after the attempt or commission." *Id.* at 59. The jury instructions defined the essential elements of second-degree robbery as: "The People must prove beyond a reasonable doubt that Defendant, AJ MUNA TOVES: 1. On or about July 29, 2022; 2. In Guam; 3. Did intentionally; 4. Display what appeared to be explosives or a deadly weapon; 5. While in the course of committing theft." *Id.* at 60. No instruction on attempted robbery as an included offense was requested or given. After deliberating for two hours, the jury returned a verdict of guilty on all charges. The trial court sentenced Toves to ten years of imprisonment. Toves timely appealed.

## II. JURISDICTION

[7]     We have jurisdiction over a criminal appeal from a final judgment of conviction. 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 118-157 (2024)); 7 GCA §§ 3107, 3108(a) (2005); 8 GCA §§ 130.10, 130.15(a) (2005).

## III. STANDARD OF REVIEW

[8]     "Issues involving statutory interpretation are reviewed *de novo*." *Pac. Data Sys., Inc. v. Guam Dep't of Educ.*, 2024 Guam 4 ¶ 11. Generally, we review sufficiency of the evidence *de novo*. *E.g.*, *People v. Hosei*, 2023 Guam 22 ¶ 21. We have also said when a defendant fails to move for judgment of acquittal, sufficiency of the evidence is reviewed for plain error. *People v. Taisacan*, 2023 Guam 19 ¶ 12. However, under 8 GCA § 100.10, a trial court may consider on its own motion whether the evidence is insufficient to sustain a conviction. Thus, where the trial

court considers a motion for acquittal *sua sponte*, we will review the sufficiency of the evidence *de novo*. *Cf. Williamson v. State*, 113 A.3d 155, 158 (Del. 2015) ("This conclusion follows from the well-settled view that where there is no substantial evidence to support a conviction in a criminal case, it is the duty of the trial court to direct a verdict of acquittal, regardless of whether a motion to that effect is made."). "Whether conducting a *de novo* review of a properly preserved sufficiency claim or reviewing an unpreserved challenge to the sufficiency of the evidence for plain error, we 'review[] the evidence in the light most favorable to the People,' examining whether 'any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime charged.'" *People v. Kusterbeck*, 2024 Guam 3 ¶ 12 n.4 (alteration in original) (quoting *People v. Campbell*, 2006 Guam 14 ¶ 10).

**[9]** Absent any request for an included-offense instruction at trial, we review for plain error the trial court's failure to issue such an instruction *sua sponte*. *See People v. Soram*, 2024 Guam 10 ¶ 9.

## IV.  ANALYSIS

**[10]** Without citation to case or statute, Toves claims "there can be no robbery without theft." Appellant's Br. at 8 (June 12, 2024). "When interpreting a statute, 'the plain language of [the] statute must be the starting point.'" *Camacho v. Shimizu*, 2021 Guam 22 ¶ 20 (per curiam) (quoting *Barrett-Anderson v. Camacho*, 2015 Guam 20 ¶ 23). As charged in this case, "[a] person is guilty of *robbery in the second degree* if, in the course of committing a theft, he . . . is armed with or displays what appears to be . . . a deadly weapon." 9 GCA § 40.20(a)(3) (2005). On a superficial level, it seems as though Toves's argument may have some merit, but even a cursory review of the robbery statutes shows he is incorrect.

**[11]** It is also a cardinal rule of statutory interpretation that "the language of [a] statute cannot be read in isolation, and must be examined within its context," which "includes looking at other

provisions of the same statute and other related statutes." *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 9. Section 40.40 of the robbery statutes is dispositive of this appeal: "An *act* occurs in the course of committing a theft if it occurs in an attempt to commit theft or in flight after the attempt or commission." 9 GCA § 40.40 (2005). Because Toves cannot reasonably argue on appeal that he did not attempt to commit theft while possessing a deadly weapon, we affirm.

## A. The Evidence Is Sufficient Because Toves Was Armed with a Deadly Weapon While Attempting to Commit a Theft

[12]    Toves is correct that "[t]he evidence is pretty much undisputed that there was no theft." Appellant's Br. at 4. But his sufficiency-of-the-evidence argument essentially ignores that section 40.40 defines "in the course of committing a theft" to include "an attempt to commit theft." Toves concedes in his opening brief that "there was arguably proof of an attempted theft." Appellant's Br. at 10.[1]

[13]    Despite some dicta in our opinions,[2] the plain text of section 40.40 is unambiguous and must prevail. "An *act* occurs in the course of committing a theft if it occurs in an attempt to commit

---

[1] In his reply brief, Toves again concedes that he attempted to commit theft, Appellant's Reply Br. at 2 (Aug. 12, 2024) ("There was evidence that after the attempted theft and prior to flight, that the gun was discharged."), but argues that the phrase "in the course of committing" imposes a temporal restriction on when a deadly weapon has to be displayed, and then cites a case where a conviction was affirmed when the deadly weapon was displayed after a theft occurred, *id.* (citing *People v. Camacho*, 2015 Guam 37 ¶ 18). At oral argument, appellate counsel indicated his argument about imposing a temporal restriction was based on the comments to the Model Penal Code ("MPC"). Digital Recording at 10:05:30–10:05:54 (Oral Arg., Oct. 21, 2024). Yet the comments provide no support for this position; as the Explanatory Note highlights, the MPC approach "represents a broader conception of the offense than previously existed in many states." Model Penal Code § 222.1 explanatory note (Am. L. Inst., Proposed Official Draft 1962); *see also State v. Sing*, 550 P.3d 1235, 1242 (Haw. 2024) ("Robbery in the Second Degree statutorily includes both attempted and actual theft within the felony charge. Hawaiʻi adopted a Model Penal Code (MPC) version of the offense of robbery. In doing so, the legislature deliberately included attempts of theft within a robbery charge because of the crime's severity.").

[2] When taken out of context, quotations from the Ninth Circuit's decision in *Guam v. Cepeda*, 69 F.3d 369, 374 (9th Cir. 1995), and our decision in *People v. Taisacan*, 2023 Guam 19 ¶ 43, could be construed to support Toves's position. But upon further examination, those decisions are not on point. Although these decisions discuss the robbery statutes, they both dealt with issues relating to multiple convictions, rather than the sufficiency of evidence for a single conviction. Additionally, the *Cepeda* decision seems to have overlooked section 40.40, so whatever persuasive value that decision might have is significantly lessened in this case where that section is directly implicated. Furthermore, *Taisacan* focused on whether a completed theft is a lesser included offense of robbery; the MPC's expanded definition of robbery was not at issue. Thus, while in *Taisacan* we quoted language from the Arizona Supreme Court for the

theft . . . ." 9 GCA § 40.40. This codifies the Model Penal Code ("MPC") definition of robbery,[3] and at least 24 other jurisdictions have "instituted changes including attempts to rob as sufficient to prove robbery itself." *People v. Williams*, 814 N.W.2d 270, 279 & n.44 (Mich. 2012) (collecting statutes).

[14]    Section 40.40 provides that an act—such as possessing a deadly weapon—occurs "in the course of committing a theft" when it occurs "in an attempt to commit theft." 9 GCA § 40.40. The plain text of sections 40.20 and 40.40 make it unambiguous that a defendant is guilty of second-degree robbery when they possess or display a deadly weapon during an attempted theft.

---

proposition that "the greater offense of robbery cannot occur unless a theft also occurs," *Taisacan*, 2023 Guam 19 ¶ 43 (quoting *State v. Wall*, 126 P.3d 148, 151 (Ariz. 2006) (en banc)), we did so in the context of answering the question of whether theft is a lesser included offense of robbery. Unlike Guam, Arizona has not adopted the MPC definition of robbery. *See* Ariz. Rev. Stat. Ann. § 13-1902 (1978). Our conclusion in *Taisacan* that theft is a lesser included offense of robbery remains sound. However, under Guam law—unlike in Arizona—attempted theft is also an included offense of robbery.

[3] That past court decisions and the opening brief here overlooked section 40.40 may be attributed to the Guam Legislature adopting the Model Penal Code but splitting off the definition of "in the course of committing a theft" into a separate statute with the misleading title "definition of an act." Model Penal Code § 222.1 provides:

> (1) **Robbery Defined.** A person is guilty of robbery if, in the course of committing a theft, he:
>
>> (a) inflicts serious bodily injury upon another; or
>>
>> (b) threatens another with or purposely puts him in fear of immediate serious bodily injury; or
>>
>> (c) commits or threatens immediately to commit any felony of the first or second degree.
>
> An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.
>
> (2) **Grading.** Robbery is a felony of the second degree, except that it is a felony of the first degree if in the course of committing the theft the actor attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury.

Model Penal Code § 222.1. The subsection under which Toves was charged, 9 GCA § 40.20(a)(3), is not part of the MPC definition of robbery at all; it seems to have been partially lifted from the MPC definition of burglary. *See* Model Penal Code § 221.1(2)(b) ("Burglary is a felony of the second degree if . . . , in the course of committing the offense, the actor . . . is armed with explosives or a deadly weapon."). The language from 9 GCA § 40.20(a)(3) about displaying "what appears to be" a deadly weapon may have been adopted from New Jersey's burglary statute, which was a modified version of the MPC. *See* N.J. Stat. Ann. § 2C:18-2 (West 2024) ("Burglary is a crime of the second degree if in the course of committing the offense, the actor: . . . [i]s armed with or *displays what appear to be* explosives or a deadly weapon." (emphasis added)); *cf.* N.J. Stat. Ann. § 2C:15-1 ("Robbery . . . is a crime of the first degree if in the course of committing the theft the actor . . . is armed with, or uses or threatens the immediate use of a deadly weapon.").

Because Toves concedes the evidence shows that he attempted to commit a theft, his challenge to the sufficiency of the evidence must fail.

## B. The Trial Court's Decision Not to Instruct the Jury on Attempted Robbery as an Included Offense Was Not Error

[15]    Toves argues that in *People v. Angoco*, 2004 Guam 11, this court "clearly established that attempted robbery is a lesser included offense of robbery." Appellant's Br. at 9 (citing *Angoco*, 2004 Guam 11 ¶ 25 n.8). In a misguided attempt to counter this argument, the People refer to a subsection of the robbery statute that Toves was not charged under. Appellee's Br. at 11-12 (discussing threat of force rather than possessing a deadly weapon). Although Toves is correct that attempted robbery is an included offense under the *MPC* definition of robbery, it is less clear under Guam's unique subsection (a)(3) of 9 GCA § 40.20 whether an attempt is a separate crime.[4]

[16]    This court has held that a trial court must issue an included offense instruction *sua sponte* "[w]hen there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of an included offense." *People v. Campos*, 2015 Guam 11 ¶ 37 (alteration in original) (quoting 8 GCA § 90.27 (2005)). Title 8 GCA § 90.27 "affords no discretion to the trial judge and, therefore, when there is a rational basis for a lesser-included offense instruction as shown by substantial evidence, the court must issue such an instruction *sua sponte*, 'without regard

---

[4] "A person is guilty of an attempt to commit a crime when, with intent to engage in conduct which would constitute such crime were the circumstances as he believes them to be, he performs or omits to perform an act which constitutes a substantial step toward commission of the crime." 9 GCA § 13.10 (2005). Because "in the course of committing a theft" is defined to include "conduct occurring during an attempt to commit a theft," Model Penal Code § 222.1 explanatory note, this raises a non-trivial issue about whether attempted robbery is cognizable as a separate crime from second-degree robbery under subsection (a)(3). *See, e.g.*, *State v. Sing*, 550 P.3d 1235, 1241-43 (Haw. 2024) (analyzing yet ultimately rejecting argument that "the State can never charge a defendant with Attempted Robbery in the Second Degree"). Toves was charged under 9 GCA § 40.20(a)(3), which is not part of the MPC definition of robbery. Instead, this seems to have codified the former crime of armed robbery, *see* Guam Penal Code § 211a (1970); 9 GCA § 40.10, Comment, using language lifted from the MPC definition of burglary, *see* Model Penal Code § 221.1(2)(b); *see also* N.J. Stat. Ann. § 2C:18-2. As discussed in *Sing*, it is uncontroversial that a defendant can take a substantial step toward using force. But it is less clear how a defendant would take a substantial step toward committing the aggravating circumstances criminalized in subsection (a)(3). Because Toves does not dispute he possessed a deadly weapon, we need not reach this issue.

to whether such instructions were requested or objected to by the parties.'" *Id.* (quoting *Angoco v. Bitanga*, 2001 Guam 17 ¶ 21). This court has adopted a two-part test to determine whether a trial court's failure to instruct on a charge amounts to reversible error: (1) the offense is included within the charged offense, and (2) based on the evidence presented, a rational jury could find the defendant guilty of the included offense but not the charged offense. *People v. Perez*, 1999 Guam 2 ¶ 24 (citing *United States v. Wagner*, 834 F.2d 1474, 1487 (9th Cir. 1987)), *overruled on other grounds by People v. Shimizu*, 2017 Guam 11.

[17]     Because there was no request for an included offense instruction, we review Toves's claim for plain error. We conclude there was no rational basis to give an attempt instruction, and therefore no error occurred.

> 1. **There was no rational basis to instruct the jury on attempted robbery when the evidence showed Toves was armed with a deadly weapon in the course of committing a theft**

[18]     Toves was charged under 9 GCA § 40.20(a)(3), which provides: "A person is guilty of *robbery in the second degree* if, in the course of committing a theft, he: . . . is armed with or displays what appears to be explosives or a deadly weapon."

[19]     Setting aside any conceptual concerns about how one can take a substantial step towards being "armed with or display[ing] what appears to be . . . a deadly weapon" during an attempted theft, Toves must show that there was a rational basis for instructing the jury on attempted robbery as an included offense. As we have noted:

> Due process does not automatically require the giving of lesser included offense instructions. Due process requires the giving of a lesser included instruction only when the evidence warrants it. There must be evidence which would permit the jury rationally to find a defendant guilty of the lesser included offense and to acquit on the greater offense before he or she is entitled to a lesser-included offense instruction.

*Campos*, 2015 Guam 11 ¶ 41 (quoting *Perez*, 1999 Guam 2 ¶ 24).  There is no rational basis to instruct on attempt where there is only evidence that the crime was completed.

[20]     In *State v. Sing*, the Hawaiʻi Supreme Court held that it was error for the trial court to instruct the jury on attempted robbery as an included offense of second-degree robbery where the evidence showed the defendant "actually used force when he punched Complainant across the face."  550 P.3d 1235, 1243 (Haw. 2024).  This court held in *Angoco v. Bitanga* that "although it is clear that there [wa]s a great deal more evidence that" the greater offense had been committed, the trial court had to give the included offense instruction because "there [wa]s also substantial evidence that Angoco did not commit" the greater offense.  2001 Guam 17 ¶ 16.  *Compare Campos*, 2015 Guam 11 ¶ 43 ("All evidence at trial suggested that the perpetrator of the robberies was armed during the commission of the crimes."), *with People v. Ramey*, 2019 Guam 11 ¶ 21 ("Contrary to the People's contention otherwise, there was evidence adduced at trial that suggested [the victim] did not experience serious bodily injury [as required by 9 GCA § 40.20(a)(1)].").

[21]     Toves fails to identify any evidence in this case that would permit a rational jury to find him guilty of attempted robbery but not robbery.  An attempted theft is an element of the completed crime of robbery.  Toves does not point to any evidence suggesting an attempted theft did not occur.  The only other potential basis for giving the included offense instruction would be if there was some evidence that Toves was not armed with or did not display what appeared to be a deadly weapon.  In this case, no rational jury could have found that Toves attempted to commit theft but did not possess a deadly weapon.[5]  The evidence leads to a single conclusion: that Toves was actually armed with a deadly weapon in the course of committing a theft.

---

[5] Toves does not challenge on appeal the special allegation of possession or use of a deadly weapon in the commission of a felony.  Underscoring this point, Toves concedes that testimony showed "the person" who entered Valencia Check Cashing brandished a gun and that witnesses heard a gunshot.  Appellant's Br. at 3-4 (June 12, 2024).

**[22]**     There was no rational basis for acquitting Toves of robbery but convicting him of attempted robbery.  The evidence did not warrant a jury instruction on attempt because there was only evidence that the crime of robbery was completed.[6]  We find no error.

### V.  CONCLUSION

**[23]**     The plain language of 9 GCA § 40.40 is dispositive of both issues raised on appeal: "An *act* occurs in the course of committing a theft if it occurs in an attempt to commit theft . . . ."  As Toves does not seriously dispute that the evidence shows he attempted to commit a theft by pointing a gun at the cashier, telling the cashier to "put the money in the bag," and then discharging his firearm, we find that there is sufficient evidence he acted "in the course of committing a theft." Furthermore, there was no rational basis for acquitting Toves of robbery but convicting him of attempted robbery.  Attempted theft while possessing a deadly weapon is defined as robbery, and it is undisputed that Toves was armed with a handgun during the attempted theft.  The evidence did not warrant a jury instruction on attempt because there was only evidence that the crime of robbery was completed.  The judgment is **AFFIRMED**.



|  |  |
| :---: | :---: |
| /s/ | /s/ |
| F. PHILIP CARBULLIDO | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |

|  |
| :---: |
| /s/ |
| ROBERT J. TORRES |
| Chief Justice |

---

[6] Toves's citation to *People v. Quitugua*, 2015 Guam 27, is unavailing.  The defendant in that case challenged his attempted robbery conviction on identity grounds.  *Quitugua*, 2015 Guam 27 ¶ 75.  The fact that the prosecution may have undercharged the defendant in *Quitugua* is irrelevant to this case.